ment in question constitutes a valid lease, and the judgment should so be declared. The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

Ross, P. J., MATTHEWS and HAMILTON, JJ., concur.

NUNNOLD, A TAXPAYER, *v.* CITY OF TOLEDO ET AL.

(Decided November 18, 1935.)

*Mr. W. S. Thurstin,* for plaintiff in error.
*Mr. Ralph W. Doty,* director of law, for defendants in error.

OVERMYER, J.   Plaintiff in error, Harry B. Nunnold, filed a petition in the Common Pleas Court of Lucas county on Saturday, June 22, 1935, at 10:20 o'clock a. m., alleging that he is a taxpayer of the city of Toledo, Ohio, and that on June 11 and June 21, 1935, he had requested of the Director of Law of the city that the Director of Law institute an action in a court

of competent jurisdiction to enjoin the issuing of bonds of the city in the sum of $2,400,000, which the city proposed to issue under authority granted by Council by Ordinance No. 10342, and which bonds were being advertised to be sold at noon on Tuesday, June 25, 1935, through sealed bids, under authority of Section 2293-43, General Code.

Plaintiff further alleged that said issue of bonds, for reasons enumerated in his petition, would be illegal, unconstitutional and void; that he has no adequate remedy at law; that he brings the action as a taxpayer for and on behalf of the city of Toledo, and he asked for an injunction to restrain the defendants from issuing said bonds, for a declaratory judgment, and for other relief.

A temporary injunction was granted by the Common Pleas Court on Saturday, June 22, 1935, at the same time the petition was filed; on July 2, 1935, defendants answered; and on July 5, 1935, the case came on for hearing, resulting in a finding for defendants. On July 8, 1935, motion of plaintiff for a new trial was overruled and judgment entered dismissing plaintiff's petition at his costs. Error was thereupon prosecuted to this court by the plaintiff, where the case has been submitted on the pleadings and the evidence, consisting of a transcript of the testimony in the court below, the exhibits there introduced, and the arguments and briefs of counsel.

In the answer of defendants, the third defense made is as follows:

"For their third defense, defendants allege and aver that plaintiff's petition is prematurely filed; that plaintiff did not and does not comply with Section 4314 of the General Code of Ohio, and Section 116 of the Charter of the city of Toledo, in respect to a taxpayer's action, and that no refusal to bring an action was made

by the Director of Law on behalf of the city of Toledo.''

This defense, going directly to the jurisdiction of this court and the court below to entertain the action, because of the alleged lack of plaintiff's legal capacity to bring the suit, will be examined first, for, if this defense is sustained by the evidence, there is nothing further before the court for consideration.

The right of a taxpayer to bring a suit of this kind is governed by Sections 4311, 4312, 4313 and 4314, General Code, Sections 4311 and 4314 being those pertinent to this inquiry. These sections read as follows:

''The solicitor shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing it, or which was procured by fraud or corruption.''

''In case the solicitor fails upon the written request of any taxpayer of the corporation to make any application provided for in the preceding three sections, such taxpayer may institute suit in his own name, on behalf of the corporation; and any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such corporation. No such suit or proceeding shall be entertained by any court until the taxpayer shall have given security for the costs of the proceeding.''

The service of a ''written request'' upon the solicitor to bring the suit (in this case the law director) is jurisdictional, and must be done before any right to bring the action accrues to the taxpayer, except, of course, in cities or villages having no solicitor or law director. When such ''written request'' has

been made, the solicitor must either refuse to bring the action, or "fail" to bring it within a reasonable time after such request has been made, before the right to bring it accrues to the taxpayer. *Ampt, a Taxpayer, v. City of Cincinnati,* 15 O. D. (N. P.), 237, 2 N. P. (N. S.), 489, Hosea, 304.

The evidence in the case at bar discloses that the plaintiff wrote a letter to the Director of Law of the city of Toledo dated June 11, 1935, in which plaintiff discussed the rate of interest on the proposed bonds, the taxes already being levied, and other things relating to city affairs, but did not ask or request in any manner the Law Director to bring any suit to prevent the issuance of the proposed bonds.

The only written demand or request made by the plaintiff on the Director of Law to begin such action is that contained in a letter dated June 18, 1935, directed to "Ralph Doty, Director of Service of the city of Toledo, Ohio," signed by the plaintiff, and it is conceded in plaintiff's brief in this court that this letter "was left on the law director's desk on June 21, 1935", and we find on said letter an exhibit in the case without restrictions, a notation signed by Ralph W. Doty, director of law, as follows:

"Found on my desk at 10:00 a. m., Saturday, June 22, 1935."

This notation is supplemented by the law director's professional statement in the record, which stands uncontradicted and undisputed, that the letter first came to his notice at that hour. The file mark on plaintiff's petition shows that within twenty minutes after this request first came to the attention of the law director, the plaintiff had already filed his petition in the Common Pleas Court through his own counsel, and had obtained a temporary injunction restraining the sale of the bonds on Tuesday noon, June 25, 1935.

We are clearly of the opinion that the action was prematurely brought by the plaintiff, for the reason that the Director of Law was given no reasonable time to bring such action, or to refuse to bring it, and that as a result the plaintiff had no legal capacity to institute the suit at the time he did and the lower court was not in error in entering judgment dismissing the petition of plaintiff in error.

Finding as we do on the jurisdictional question, it is unnecessary to consider other claimed errors presented.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.