TROCK, Plaintiff-Appellee, v. HUBBARD (Village) et al, Defendants-Appellants.

Ohio Appeals, Seventh District, Trumbull County.

No. 1229.   Decided March 16, 1950.

C. H. Anderson, Warren, for plaintiff-appellee.
Leo L. Luchette, Masury, for defendants-appellants.

## OPINION

By PHILLIPS, J.

In his petition, filed in the court of common pleas, plaintiff (so designated here), a non-resident and non-taxpayer of the village of Hubbard, sought to permanently restrain defendants there, so called here, the Village of Hubbard, and its mayor, solicitor, and the members of the Trumbull County Board of Elections, from placing on the ballot and submitting to the electors of Hubbard Township, of which he is a resident, at the election to be held on November 8, 1949, the issue of the annexation of land situated therein to the defendant village, in accordance with Ordinance Number 1090 of such village, passed by its council on September 6, 1949, entitled "An ordinance authorizing the Board of Elections of Trumbull County, Ohio, to submit to the voters of Hubbard Township the annexation of certain territory"; and for a judgment of the court of common pleas declaring such ordinance invalid and void.

Defendant village moved to dismiss such petition on the

ground that plaintiff failed to comply with the provisions of §4314 GC, compelling him to make a demand on, and receive the refusal of, the solicitor of such village to bring that action before filing his action; and because he furnished no security for costs.

Defendant village demurred to plaintiff's petition on the ground that plaintiff was not a taxpayer, nor resident of defendant village, and therefore was not a real party in interest, and could not maintain such action; and accordingly his petition did not state a cause of action against defendants.

The trial judge did not rule on such motion, or such demurrer, specifically except by proceeding to hear the action we review on its merits, which was tantamount to overruling defendant's demurrer; and upon hearing had on November 5, 1949, entered judgment declaring such ordinance invalid and void.

Defendants appealed from that judgment on questions of law.

By assignments of error defendants contend that "the trial court erred in failing to consider and to sustain defendants' motion for dismissal"; and "in failing to consider and failing to sustain defendants' demurrer to plaintiff's petition."

Defendants contend that no demand was made "upon the village solicitor," and no security was given for costs before plaintiff filed his petition in the court of common pleas; which statement is supported by the allegation of plaintiff's petition, in which he alleges that he brought his action "as a taxpayer and on behalf of all other taxpayers in Hubbard Township," and by the evidence contained in the bill of exceptions.

Clearly, as shown by the pleadings and the evidence, plaintiff had no right to bring such action as a taxpayer on behalf of all other taxpayers of Hubbard Township because he failed to furnish security for costs as required by §4314 GC; and failed to make legal demand upon the proper official to commence such action.

The time for submission of the ordinance pleaded having expired, it follows that a new valid ordinance must be adopted authorizing the submission of the question upon a future date to be fixed.

Obviously none of plaintiff's rights are affected now by the ordinance pleaded. Accordingly all questions involving the rights of plaintiff as an individual are moot.

Furthermore, it is apparent that plaintiff instituted his action prematurely, because it has not been determined that

the annexation would have been approved by the electorate. Until such approval none of plaintiff's rights could, nor would, have been affected.

Therefore, the trial judge should have sustained defendants' motion and dismissed plaintiff's action at his costs.

The judgment of the trial court is reversed, and coming now to render the judgment the trial judge should have rendered plaintiff's petition is dismissed at his costs.

NICHOLS, J, CONN, J, concur in judgment.