MULDER, A TAXPAYER, APPELLANT, *v.* VILLAGE OF AMHERST; TRUSTEES OF AMHERST VILLAGE POLICE RELIEF AND PENSION FUND; ROBERTSON, VILLAGE TREASURER; AND PIKEY, APPELLEES.

(No. 1536—Decided January 17, 1962.)

Mr. *Frank Janik*, for appellant.

Mr. *H. McConnell Saddler*, city solicitor, for appellees village of Amherst et al.

Mr. *Virgil C. Burgett*, for appellee Paul Pikey.

DOYLE, J. This action was commenced in the Common Pleas Court of Lorain County by Karl C. Mulder, a taxpayer, who pleaded that he brought this action on behalf of the village of Amherst and all other taxpayers thereof; "the solicitor of said village having refused to bring this action upon written and oral request of plaintiff to do so."

The defendants are as noted in the caption above. One of the defendants, Paul Pikey, former chief of police of the village of Amherst, is the moving cause of this litigation.

The petition sought an injunction to restrain the payment of a total and permanent disability pension to the former chief of police, and various irregularities are urged, in the proceedings culminating in the award. It is claimed that any disbursement of money to him is unlawful.

Pursuant to hearing in the Court of Common Pleas, an order was made finding that: (1) the officer was injured in the performance of his duties; (2) the action of the police pension board in granting a pension was in good faith, and not an abuse of discretion; (3) the police chief is entitled to a pension for disability under the rules of the pension board and the law based upon the evidence.

The journal entry continues:

"It is therefore ordered, adjudged and decreed by the court that the temporary injunction heretofore granted and allowed in this case be, and the same is hereby, dissolved.

"It is further ordered, adjudged and decreed * * * that Chief Pikey submit to further medical examinations by three medical experts designated and appointed by the Amherst Police Pension Board, which medical experts are ordered to submit their findings and opinions in writing to the board, for the board's determination, which opinions and findings shall be submitted by said medical experts upon these specific questions:

"1. Is Chief Pikey now totally partial disabled, or temporary totally disabled to perform his duties as a police officer resulting from injuries received in the scope of his employment on October 9, 1959?

"2. Is Chief Pikey now, permanently and totally disabled to perform his official duties as a police officer for the village of Amherst resulting from injuries received in the scope of his employment on October 9, 1959?"

Following the physical examination of the police officer, the court entered its order as follows:

"This 25th day of September, 1961, this cause came on to be heard on the motion of the village of Amherst for a final order determining the merits of this cause, and in compliance with the previous court order [and] the findings of the pension board as herein filed, * * * this court rules that the board's findings that Paul Pikey is permanently and totally disabled is supported by substantial probative evidence and this court affirms such conclusions. Application for temporary and permanent injunction is denied."

From the judgment above, appeal was taken to this court on questions of law and fact.

At the outset of our consideration of this appeal for trial *de novo*, we direct our attention to the fact that this is a suit brought by a taxpayer under the claimed authority of Section 733.59, Revised Code. Was it properly brought?

Money in the Police Relief and Pension Fund is public money. The statutes provide for the levying of taxes and the use of general funds of the municipality for its support. See Sections 741.40, 741.41 and 741.42, Revised Code.

If it appeared that public funds were being, or about to be, misapplied, the law required (Section 733.56, Revised Code) that "The city solicitor shall apply, in the name of the city, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the city * * *." (The wording of this statute has been slightly changed since the institution of this suit.)

The Code further provides (Section 733.59, Revised Code) that "If the city solicitor fails, upon the written request of any taxpayer of such city, to make any application provided for in * * * [Section] 733.56 * * * of the Revised Code, such taxpayer may institute suit in his own name, on behalf of the city."

If a taxpayer fails to comply with the provisions of the statute, it is obvious that he has no right to sue for and on behalf of the city; and a suit instituted by a taxpayer outside of statutory boundaries becomes a matter of court jurisdiction. The right to sue as a taxpayer is not a right given to protect any peculiar right of his, but only a right to protect a right that

belongs to the municipality of which he is a part. *Nunnold, a Taxpayer,* v. *City of Toledo,* 52 Ohio App., 172.

In further consideration of the statute (Section 733.59, Revised Code), it seems apparent that it contemplates the solicitor of the municipality be given a reasonable time to comply with the written request. *Nunnold, a Taxpayer,* v. *City of Toledo, supra.*

It appears from the testimony before us that the plaintiff taxpayer had knowledge of the granting of the pension on September 1, 1960.

On October 13, 1960, he sent by registered mail a written request to the solicitor of the village to institute suit for injunction under the statute.

On October 14, 1960 (the next day), he filed the instant petition for injunction, and pleaded that he "brings this action on behalf of such village and all other taxpayers thereof, the solicitor of said village having refused to bring this action upon written and oral request of plaintiff to do so."

On October 17, 1960 (three days after the suit was filed), the village solicitor received the written request contained in the registered letter, as evidenced by the return receipt signed at the behest of the United States postal authorities.

It thus appears that the suit was commenced prior to the receipt of a written request by the city solicitor, and prior to an opportunity of the city solicitor to refuse or consent to bring an action. It further appears that the first paragraph of the petition is false, wherein it states that "the solicitor of said village having refused to bring this action upon written * * * request of plaintiff to do so."

These facts indicate beyond peradventure that the Court of Common Pleas had no authority to pass upon the issue of injunction. It had no jurisdiction to act.

The judgment of the Court of Common Pleas will be vacated, and the petition dismissed.

*Petition dismissed.*

STEVENS, P. J., and HUNSICKER, J., concur.