POPSON ET AL., APPELLANTS, *v.* HENN ET AL., APPELLEES█

(No. OT-84-8—Decided August 17, 1984.)

*John V. Heutsche,* for appellants.

*Arthur A. Kola* and *Adair C. Wilber,* for appellees.

DOUGLAS, J. This is an appeal from the Ottawa County Court of Common Pleas, wherein that court, by judgment entry of February 6, 1984, dismissed appellants' complaint pursuant to Civ. R. 12(B)(6) for failing to state a claim upon which relief could be granted.

The instant case is a taxpayers' action initiated under the authority of R.C. 5705.45. The relevant operative facts are set forth below.

On September 12, 1983, counsel for appellants Popson, Howell, and Zafiru sent a letter to appellee George Wilber, Law Director of the city of Port Clinton. This letter stated that appellants had taken exception to certain alleged irregularities and unauthorized expenditures by the Port Clinton Board of Education. Attached to this letter was a summary of the actions and expendi-

tures which appellants believed to be irregular and unauthorized. This letter further demanded that Wilber, as the Port Clinton Law Director, "undertake an investigation of this matter and institute pursuant to * * * [R.C. 5705.45] litigation against all necessary parties for the recovery of said unauthorized expenditures."

By a letter dated October 1, 1983, Wilber stated that he had reviewed appellants' letter of September 12 and the State Auditor's examination report for the Port Clinton City School District for the time period between July 1, 1978 and January 31, 1982. Upon review of these materials, Wilber concluded that he found "no facts which warrant the commencement of a civil action pursuant to Section 5705.45 of the Ohio Revised Code."

Accordingly, and in light of Wilber's refusal to commence a civil action, appellants, as plaintiffs, commenced the taxpayers' action at issue herein, naming the superintendent and treasurer of the Port Clinton City School District, the members of the Port Clinton Board of Education, the Port Clinton Law Director, and the bonding company for the school district's treasurer, as defendants.

The trial court dismissed appellants' taxpayer action by a judgment entry dated February 6, 1984, holding that appellants had failed to state a claim upon which relief could be granted. This judgment was based on the trial court's decision concerning appellees' Civ. R. 12(B)(6) motion to dismiss rendered January 25, 1984. In that decision, the trial court held that as a matter of law, the notice which appellants had sent to Wilber, as the Port Clinton Law Director, was insufficient. It is this dismissal from which appellants have filed their timely appeal.

Although appellants have claimed eight errors in the proceedings below, the court and the parties recognize that it is our determination of appellants' second assignment of error which is pivotal in the instant case. In view of this recognition, we now proceed to consider this assignment of error in which appellants assert:

"II. The trial court erred in finding the written demand made upon the law director was insufficient to satisfy the jurisdictional prerequisite necessary for the plaintiffs to file the action itself."

Neither appellants nor appellees have cited any Ohio case law directly on point which addresses R.C. 5705.45. The parties, therefore, have characterized this case as one of "first impression" in this state. The statutory section at issue herein, R.C. 5705.45, is set forth below:

"Any officer, employee, or other person who issues any order contrary to section 5705.41 of the Revised Code, or who expends or authorizes the expenditure of any public funds, or who authorizes or executes any contract contrary to sections 5705.01 to 5705.47 of the Revised Code, unless payments thereon are subsequently ordered as provided in section 5705.41 of the Revised Code, or expends or authorizes the expenditure of any public funds on any such void contract, obligation, or order, unless subsequently approved as provided in that section, or issues a certificate under the provisions thereof which contains any false statements, shall be liable to the political subdivision for the full amount paid from the funds of the subdivision on any such order, contract, or obligation. Such officer, employee, or other person shall be jointly and severally liable in person and upon any official bond that he has given to such subdivision, to the extent of any payments of such void claim. The prosecuting attorney of the county, the city director of law, or other chief law officer of the subdivision shall enforce this liability by civil action brought in any court of appropriate jurisdiction in the name of and on behalf of the municipal

corporation, county, or subdivision. If the prosecuting attorney, city director of law, or other chief law officer of the subdivision fails upon the written request of any taxpayer, to institute action for the enforcement of the liability, the taxpayer may institute suit in his own name in behalf of the subdivision."

Our independent research also has indicated no case which directly discusses that part of R.C. 5705.45 herein in question. We have, however, found a substantial body of case law which discusses R.C. 733.59,[1] a statute which can be likened to R.C. 5705.45, at least with respect to the requirement of the necessity to request public officers to bring suit as a prerequisite to the right of taxpayers to commence a lawsuit. See, also, R.C. 309.13.

It has been held that the purpose of the notice provision in R.C. 733.59 is to prevent a municipal corporation from becoming a plaintiff in court without its consent. *State, ex rel. Nimon,* v. *Springdale* (1966), 6 Ohio St. 2d 1, 5-6, approving the holding in *State, ex rel. Teshera,* v. *Turgeon* (1929), 32 Ohio App. 241. The service of a "written request" upon the law director requesting the institution of a civil action is jurisdictional and must be done before any right to bring the action accrues to the taxpayer. *Nunnold* v. *Toledo* (1935), 52 Ohio App. 172, 174-175 [6 O.O. 277]. Thus, if a taxpayer fails to comply with the provisions of the statute, quite obviously that taxpayer has no right to sue for and on behalf of the city. *Mulder* v. *Amherst* (1962), 115 Ohio App. 117, 119 [20 O.O.2d 227]. "* * * The right to sue as a taxpayer is not a right given to protect any peculiar

right of his, but only a right to protect a right that belongs to the municipality of which he is a part. * * *" *Amherst, supra,* at 119-120.

Although the above holdings address R.C. 733.59, the rationale regarding the purpose of the notice provision, the jurisdictional requirement of serving notice upon the law director, and the right which is protected by such provision are equally applicable to R.C. 5705.45. "* * * If the demand requirement did not exist for statutory taxpayer suits, overofficious citizens could frustrate the orderly administration of governmental responsibilities, and such citizens would be encouraged to substitute their discretion for that of those to whom the law has confided that discretion. * * *" *Chicago, ex rel. Konstantelos,* v. *Duncan Traffic Equip. Co.* (1983), 95 Ill.2d 344, 354, 447 N.E.2d 789, 793. See, also, 74 American Jurisprudence 2d (1974) 238, Taxpayers' Actions, Section 31.

The trial court correctly held that notice to the law director as required in R.C. 5705.45 is a jurisdictional condition precedent to a taxpayer bringing an action under this statutory section. The trial court also held, however, that the notice which appellants served upon Wilber, the law director in this case, was insufficient as a matter of law to meet the jurisdictional notice requirement of R.C. 5705.45.

The sufficiency-of-notice question is one upon which neither we nor the parties have been able to find any reported Ohio case. This question, however, has been discussed in other jurisdictions. See Annotation, Necessity and Suffi-

[1] R.C. 733.59 states:

"If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any

taxpayer of any municipal corporation in which there is no village solicitor or city director of law may bring such suit on behalf of the municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

ciency of Efforts to Induce Public Officers to Bring Suit as Condition of Taxpayer's Right to Bring Suit (1940), 124 A.L.R. 585, 607, Section III(b).

Appellees have cited to this court the case of *Dowler* v. *State, ex rel. Prunty* (1937), 179 Okla. 532, 66 P.2d 1081, which we find to contain the best discussion of the sufficiency-of-notice question in taxpayer actions. The *Dowler* court set forth the following requirements needed to satisfy the jurisdictional notice requirement:

"We have not overlooked the rule that requires a strict construction of the statute relative to the giving of notice in such cases, but we know of no rule which requires such a technical construction as would destroy the obvious purpose of the law. There are no technical requirements contained in the statutes relative to the form of notice. In *Dorsett* v. *State,* 144 Okla. 33, 289 P. 298, this court, in considering the question of the service of such a notice, and discussing the purpose of same, uses the following language:

" '* * * The purpose of this notice is to challenge the attention of the officer or officers to an irregularity of expenditure or to an illegal or fraudulent contract or dispersement [*sic*] of public moneys before suit is brought against them by a taxpayer. * * *'

"And further in the opinion the following language is used:

" 'And, further, all the things by statute required to be in the demand were therein contained, and, should it contain surplusage, the notice or demand is not by reason thereof destroyed and invalidated. * * *'

"The notice in this case was clearly sufficient to serve the purpose and object of the giving of such a notice. It gave the interested and necessary parties full information as to those things about which the taxpayers complained. There is no showing here from which it might be concluded or inferred that the defendants in this case did not fully understand the nature of the demand made by the taxpayers, nor any showing or indication that they have in any way been prejudiced by reason of the form of the demand. We, therefore, conclude that such notice and demand was sufficient.

"A notice in such a case must never be so indefinite as to mislead and snare or trap an officer; to that end it must fairly advise the officer of the action demanded of him in order that he may institute the action demanded by the taxpayer if he chooses. Upon the other hand, the officer upon whom a notice has been served, and who neglects or fails to act upon the matter, may not escape liability merely because he can indicate in the notice some incompleteness of detail, or some inaccuracy which is purely technical. Fairness and justice require that such a notice be sufficient in form and substance to serve the office and purpose of such a notice, but no more is required, and when that requirement is met, fairness and justice require that the notice be held legally sufficient. When tested by these rules the notice here is sufficient. See paragraph 6 of the syllabus in *State ex rel. Sheel* v. *Ingram,* 164 Okla. 244, 23 P. (2d) 648." 179 Okla. at 536-537, 66 P.2d at 1087-1088.

Adopting this standard and applying it to the notice in the case now before us, we are required to reach a result other than that reached by the trial court.

The September 12 letter which was sent by appellants' counsel to Wilber identified the alleged wrongdoers as the Port Clinton Board of Education. Attached to the letter was a summary of the actions which appellants felt were irregular and unauthorized. Quite frankly, the attachments do suffer from "incompleteness of detail." The notice does not, however, fail to advise the law director of the action demanded of him so that he was precluded from instituting such an action. To the con-

trary, the law director exercised his discretion and decided not to commence the civil action under R.C. 5705.45 as appellants demanded.

The Ohio statute, not unlike the Oklahoma statute in *Dowler,* contains no technical requirements relative to the form of the required notice. The purpose of the notice is to " '* * * challenge the attention of the officer or officers to an irregularity of expenditure * * *.' " *Dowler, supra,* 179 Okla. at 537, 66 P.2d at 1087. The notice in the instant case was not so indefinite that the law director was mislead or trapped. Conversely, the notice in this case, as the notice in *Dowler,* "was clearly sufficient to serve the purpose and object of the giving of such a notice. * * *" *Dowler, supra,* 179 Okla. at 537, 66 P.2d at 1087. On this basis, appellants' second assignment of error is found well-taken.

Appellants' first assignment of error claims that:

"I. The trial court erred in strictly construing R.C. 5705.45 when, in fact, such statute is remedial and should be liberally construed."

We have carefully scrutinized the trial court's decision and judgment entry in this matter and find that there is no direct indication that the trial court improperly construed R.C. 5705.45. The trial court did not specifically state at any time that it was strictly construing the statute. Appellants' argument is supported only by implication from the resultant judgment and decision in the trial court. Without addressing whether or not R.C. 5705.45 is remedial and therefore deserving of a liberal construction, appellants' first assignment of error is found not well-taken.

Appellants' third assignment of error states:

"III. The trial court erred in holding that R.C. 5705.45 does not allow the court the equitable powers necessary to enjoin the defendants from continuing illegal expenditures."

The trial court, in a judgment entry filed January 4, 1984, held that a taxpayers' action brought pursuant to R.C. 5705.45 is limited to a recovery of money for the political subdivision. Based on that holding, the trial court then dismissed that part of appellants' complaint and prayer whereby appellants requested the trial court to enjoin appellee board members from making any further illegal expenditures.

The restrictions imposed upon school district expenditures are quite specific and are set forth in R.C. 5705.41 and 5705.412. "* * * A school board shall not make a contract without attaching thereto a certificate of sufficient funding, and if a contract is made without such a certificate that contract is void and no warrant of payment will be issued. * * *" *Brownfield, Bowen, Bally & Sturtz* v. *Bd. of Edn.* (1977), 56 Ohio App. 2d 10, 12 [10 O.O.3d 20]. "* * * A taxpayer has sufficient interest to maintain an action to enjoin public officers from the commission of acts in excess of legal authority and requiring the expenditure of public money. * * *" *Green* v. *State Civil Service Comm.* (1914), 90 Ohio St. 252, 255. See, also, *Moss* v. *Bd. of Edn.* (1898), 58 Ohio St. 354; *Andrews* v. *Ohio Bldg. Auth.* (App. 1975), 74 O.O. 2d 184, 187.

The trial court did not cite any authority for its conclusion that a taxpayers' action commenced under R.C. 5705.45 is limited to a recovery of money for the political subdivision. Nor have appellees provided this court with any authority for support of the trial court's holding in this regard. Based on the foregoing, appellants' third assignment of error is found well-taken.

As Assignments of Error Nos. 4, 5 and 6 all address the propriety of the trial court's judgment entry of dismissal, they will be considered together.

"IV. The trial court erred in considering matters outside of the pleadings in determining its decision upon the

defendants' motion which was filed pursuant to Civil Rule 12(B)(6).

"V. The trial court erred in its order of January 4, 1984, in requiring plaintiffs pursuant to Civil Rule 10(D) to supplement their complaint with attachments.

"VI. The trial court erred in requiring plaintiffs to supplement their pleadings, pursuant to its order of January 4, 1984, without treating the defendants' motion, pursuant to Civil Rule 12(B), as a motion for summary judgment and disposing of said motion pursuant to the requirements of Civil Rule 56."

It is well-settled that:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson*, 355 U.S. 41, followed.)" *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], syllabus.

Having determined, *supra,* that the notice which appellants served upon the law director was sufficient, we must now consider whether appellants can prove any set of facts which would entitle them to recover. Appellants alleged in their complaint that certain expenditures of various amounts were in contravention of statute and, therefore, improper and void. Quite plainly, these alleged facts, if proven as true, may well entitle appellants to prevail on their cause of action.

The trial court, prior to dismissing appellants' complaint, ordered them to supplement their pleadings pursuant to Civ. R. 10(D). Even without the attachments, however, appellants' complaint states a claim upon which relief may be granted. See *Point Rental Co.* v. *Posani* (1976), 52 Ohio App. 2d 183 [6 O.O.3d 171].

The trial court, in its January 4 judgment entry, stated that Civ. R. 10(D) was applicable to appellants' action. Civ. R. 10(D) requires a written instrument to be attached to a pleading "[w]hen any claim or defense is founded" on said written instrument. Appellants' cause of action, however, is not based on the written request and attachments which the trial court ordered appellants to submit. Rather, appellants' action is based on the allegations of wrongful expenditures contained in the complaint. Admittedly, a demand to the law director and a refusal by him are a necessary requirement precedent to bringing this action. The making of the request by appellants and the subsequent denial by the law director were, however, pleaded by appellants in their complaint. The fact that they were pleaded by appellants in their complaint is sufficient for the complaint to withstand an attack on a motion for dismissal. Cf. *Trock* v. *Hubbard* (1950), 89 Ohio App. 101 [45 O.O. 392]. Appellants' fifth assignment of error is found well-taken.

Appellants contend under their fourth and sixth assignments of error that the trial court erred in construing matters outside the pleadings without treating the motion to dismiss as one for summary judgment. "* * * When a motion to dismiss under Civ. R. 12(B)(6) is founded on matters outside the pleadings, the trial court is obligated 'to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56.'* * *" *Fraternal Order of Police* v. *D'Amico* (1982), 4 Ohio App. 3d 15, 17. Further, when the trial court converts a Civ. R. 12(B)(6) motion to one for summary judgment, the court must notify all parties that such a conversion has occurred. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154.

The trial court, in its February 6 judgment entry dismissing appellants' complaint, stated that it was doing so pursuant to Civ. R. 12(B)(6). The trial court's decision on the motion, filed

January 25, however, indicates that the trial court considered matters outside the pleadings. Further, the record indicates that at no time did the trial court give the parties notice that it had converted appellees' motion to dismiss to one for summary judgment.

The trial court may consider matters outside the pleadings in consideration of a Civ. R. 12(B) motion only if it converts a dismissal motion to a motion for summary judgment. *D'Amico, supra.* Further in this regard, the trial court may convert a Civ. R. 12(B) motion to one for summary judgment only after the court gives notice of the conversion to all the parties involved. *Simon, supra.*

The record reflects that the trial court considered matters outside the pleadings in consideration of appellees' Civ. R. 12(B)(6) motion without first giving notice to the parties that the dismissal motion had been converted to one for summary judgment. Accordingly, the fourth and sixth assignments of error are found well-taken.

We next consider appellants' eighth assignment of error, wherein appellants state:

"VIII. The trial court erred in dismissing the action against defendants, Henn, Guth and Bredbeck, in that these individuals were respectively the superintendent [*sic*] of schools, the clerk-treasurer of the board of education and a member of the board of education within the time frame in which the State Auditor found statutory irregularities and during the pendency of this action."

In light of our determination of Assignments of Error Nos. 4, 5 and 6, *supra,* whether appellees Henn, Guth and Bredbeck held their respective positions as alleged in the complaint during the relevant time frames is a question of fact. Appellants' eighth assignment of error is, therefore, found well-taken.

Appellants' seventh assignment of error states that:

"VII. The trial court erred in finding Civil Rule 8(A) requires a specific monetary demand in the prayer of a complaint."

The trial court held that Civ. R. 8(A) requires appellants to demand in their complaint the specific amount of monetary relief which they sought. Without such specific allegation, the trial court held that appellants' complaint could be dismissed.

Appellants sought a monetary award of whatever amount the trial court determined was improperly expended. The allegations contained in appellants' complaint, however, specifically state the amounts which appellants allege were in excess of the certificated sums. Without determining whether the trial court's construction of Civ. R. 8(A) is correct, appellants' complaint adequately sets forth the specific amount of monetary relief sought. Appellants' seventh assignment of error is found well-taken.

Having found Assignments of Error Nos. 2 through 8 well-taken, and Assignment of Error No. 1 not well-taken, the judgment of the Ottawa County Court of Common Pleas, dismissing appellants' complaint, is reversed. The cause is remanded to said court for further proceedings in accordance with law. Costs to abide final determination.

*Judgment reversed and cause remanded.*

CONNORS, P.J., and RESNICK, J., concur.