CITY OF TOLEDO, APPELLANT, *v.* THOMAS, APPELLEE.

(No. L-88-377—Decided July 28, 1989.)

*John T. Madigan,* chief prosecutor, for appellant.
*Brian J. Hoch,* for appellee.

ABOOD, J. This is an appeal from a judgment of the Lucas County Court of Common Pleas dismissing appellant city of Toledo's complaint on the basis of *res judicata.* Appellant has appealed setting forth two assignments of error:

"I. The court of common pleas erred as a matter of law by dismissing plaintiff-appellant's complaint based on the principal [*sic*] of res judicata since all matters at issue had not been decided by a final appealable order and prior to commencement of this action.

"II. The court of common pleas erred as a matter of law by granting the defendant-appellee's motion to dismiss for failure to state a claim for relief when the trial court looked beyond the plaintiff-appellant's complaint and considered unverified and incorrect exhibits offered by the defense."

The facts giving rise to this appeal are as follows. On February 17, 1988, appellant filed its complaint in the Lucas County Court of Common Pleas against appellee pursuant to Chapter 1905 of the Toledo Municipal Code for past due withholding taxes, penalties and interest imposed against appellee as a result of his operation of a business while employing individuals within the corporate limits of the city of Toledo. On March 15, 1988, appellee filed a motion to dismiss the complaint pursuant to Civ. R. 12(B)(6). In his memorandum in support thereof appellee asserted that on October 28, 1985, appellant had filed a complaint in

the Toledo Municipal Court against Danny Thomas Farms, Inc., and himself individually (case No. CVF-85-20284) containing allegations identical to the ones alleged herein, but that on June 13, 1986, the Toledo Municipal Court dismissed the case for lack of prosecution with no provision to refile, and therefore appellant was barred by the doctrine of *res judicata* from bringing this action. Attached to appellee's motion to dismiss was a copy of the complaint filed in Toledo Municipal Court and a copy of a letter dated June 30, 1986 from the assignment office of the Toledo Municipal Court to appellant notifying it of the court's entry of dismissal of the case. On March 25, 1988, appellant filed its memorandum in opposition to appellee's motion to dismiss arguing that the letter from the assignment office did not constitute a judgment entry pursuant to Civ. R. 58, and since there was no valid judgment entry dismissing the action filed in Toledo Municipal Court the doctrine of *res judicata* did not bar its present action in the Lucas County Court of Common Pleas. On July 25, 1988, appellee filed his reply which had attached a certified copy of the clerk of courts' journal entry which indicated that case No. CVF-85-20284 had been dismissed for lack of prosecution as per the court's entry of June 13, 1986. The trial court, in its opinion and judgment entry dated November 15, 1988, found:

"* * * The present action was dismissed pursuant to Civ. R. 41(B)(1) for lack of prosecution. * * * In the journal entry of June 27, 1986, the court did not specify that the action was dismissed without prejudice and therefore the dismissal was an adjudication on the merits. The subject matter of the instant complaint is the same as the complaint filed in Toledo Municipal Court and, as a result, this action is barred by *res judicata.*"

It is from this decision that appellant filed its notice of appeal.

The court will consider appellant's second assignment of error first, in support of which appellant argues, essentially, that the trial court erred in considering materials beyond the pleadings in sustaining appellee's motion to dismiss for failure to state a claim.

The standard to be applied in determining whether or not a complaint will be dismissed pursuant to Civ. R. 12(B)(6) for failure to state a claim is set forth in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, wherein the Supreme Court of Ohio held at the syllabus:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt *from the complaint* that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson,* 355 U.S. 41, followed.)" (Emphasis added.)

Civ. R. 12(B) provides, in pertinent part:

"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

If a court, in ruling on a motion to dismiss pursuant to Civ. R. 12(B)(6), intends to consider matters outside the pleadings, it must first convert the motion to dismiss into a motion for sum-

mary judgment, and upon doing so give notice of the conversion to the parties in order to allow them the opportunity to present evidentiary matters pertinent to the converted motion. *Popson* v. *Henn* (1984), 17 Ohio App. 3d 1, 17 OBR 47, 477 N.E. 2d 465; *Fraternal Order of Police* v. *D'Amico* (1982), 4 Ohio App. 3d 15, 4 OBR 36, 446 N.E. 2d 198.

It is clear from our review of the record below that the trial court relied on the documents that were attached to appellee's memorandum in support of his motion to dismiss and his reply brief and thereby considered matters which were outside the pleadings without converting the motion to dismiss to one for summary judgment and providing notice to the parties as required by Civ. R. 12(B).

Upon consideration of appellant's complaint only, excluding the additional documents, as provided in Civ. R. 12(B), this court cannot say that appellant can prove no set of facts entitling it to recovery. We therefore find that the trial court erred to appellant's prejudice in sustaining appellee's motion to dismiss. Accordingly, appellant's second assignment of error is found well-taken.

Appellant's first assignment of error goes to the merits of the trial court's finding of *res judicata*. This court has determined above that the trial court's finding was based upon matters not properly considered by it on a motion to dismiss. This finding having been made, appellant's first assignment of error is rendered moot and is therefore found not well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this opinion. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed
and cause remanded.*

HANDWORK, P.J., and GLASSER, J., concur.