LAITURI et al., Appellants,

v.

NERO et al., Appellees.

[Cite as *Laituri v. Nero* (2000), 138 Ohio App.3d 348.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–082.

Decided July 17, 2000.

*Paul A. Newman,* for appellants.

*Mark J. Skakun* and *David L. Drechsler,* for appellees.

---

MILLIGAN, Judge.

This is an appeal from the Lake County Court of Common Pleas. Appellant, John Laituri, appeals from a judgment entry filed April 20, 1999, granting the motion for summary judgment of appellees, Lester N. Nero ("Nero"), David Miller ("Miller"), and Joseph Gurley ("Gurley"), and overruling the motion for partial summary judgment of appellant. The following facts are relevant to a determination of this appeal.

On July 29, 1994, on behalf of the city of Painesville ("city"), appellant filed a taxpayer action under R.C. 5705.45, alleging that appellees improperly invested city funds, which resulted in a loss to the city of $7 million. Appellees, each of whom were city officials, were named as defendants. Nero was city manager, Miller was finance director, and Gurley was the law director. Appellant alleged that the three defendants comprised the City Treasury Investment Board ("board"). Pursuant to Painesville Ordinance 137.09, the finance director must meet and consult with the board prior to investing any interim funds of the city.

Appellant alleged that the board approved an investment in securities that possessed a prospective maturity date of more than two years in the future, in violation of R.C. 135.14. He further averred that Miller, with the approval of Nero and Gurley, invested city funds in Federal National Mortgage Association Securities in violation of Painesville Ordinance 137.17. Finally, appellant claimed

that appellees placed certain investments through Newbridge Securities, Inc., which was not an approved securities dealer under Painesville Ordinance 137.16.

Appellees filed an answer, and then filed a motion to stay proceedings because the city had filed a claim in federal court against the securities brokers, asserting that the city's purchases of the securities in question were fraudulently induced. Additionally, appellees asserted that the Securities and Exchange Commission had also filed a complaint against the brokers in federal court. A stay was granted by the trial court that remained in effect until June 8, 1996.

Subsequently, both sides filed motions for summary judgment, which were overruled by the trial court on December 11, 1996. On March 17, 1997, all appellees jointly filed another motion for summary judgment. The sole basis for the motion was that the city "has recently entered into a settlement agreement with each of the [appellees] and the insurance carrier and, as part of that settlement agreement, has released all claims advanced in this litigation against the three [appellees]." On April 9, 1997, the trial court granted appellees' motion for summary judgment. Appellant filed an appeal from that decision. In *Laituri v. Nero* (1999), 131 Ohio App.3d 797, 723 N.E.2d 1119, this court reversed the trial court's decision to grant appellees' motion for summary judgment on the grounds that appellant had not been provided an opportunity to file a response brief prior to the trial court making its decision.

On February 12, 1999, appellees filed another motion for summary judgment, once again based upon the settlement agreement reached by the city and all three appellees. Subsequently, on February 16, 1999, appellant filed a motion for partial summary judgment. The city filed an *amicus curiae* brief on March 18, 1999. On April 20, 1999, the trial court granted appellees' motion for summary judgment, and denied appellant's motion for partial summary judgment.

Appellant timely filed a notice of appeal and has now set forth the following assignments of error:

"1. The trial court erred to the prejudice of plaintiff-appellant in granting summary judgment in favor of defendants.

"2. The trial court erred in denying plaintiff/appellant's motion for summary judgment."

■ In the first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees. Within this assignment of error, appellant has raised a number of arguments. First, appellant asserts that the executive branch of a municipal government may not act in such a matter as to counteract a state statute without specific legislative authority by the municipality authorizing such action. Specifically, appellant relies on R.C. 5705.45, which provides:

"Any officer, employee, or other person who issues any order contrary to section 5705.41 of the Revised Code, or who expends or authorizes the expenditure of any public funds, or who authorizes or executes any contract contrary to sections 5705.01 to 5705.47 of the Revised Code, unless payments thereon are subsequently ordered as provided in section 5705.41 of the Revised Code, or expends or authorizes the expenditure of any public funds on any such void contract, obligation, or order, unless subsequently approved as provided in that section * * * shall be liable to the political subdivision for the full amount paid from the funds of the subdivision on any such order, contract, or obligation."

Appellant argues that, pursuant to this statute, Nero, Gurley, and Miller are liable for the full amount which the plaintiff is seeking in this case, and, further, that Acting City Manager, James Onello ("Onello"), who signed the settlement agreement on behalf of the city, should also be liable for such amount. Appellant contends that the statute prohibits anyone from releasing any of the original wrongdoers for anything less than the full amount. By settling the plaintiff's $7 million claim for only $525,000, Onello has exceeded his authority and violated R.C. 5705.45.

While appellant correctly cites R.C. 5705.45 for the proposition that Nero, Gurley, and Miller may have been liable to the city for the full amount of the loss, appellant's argument overlooks the fact that the city is the real party in interest in a taxpayer lawsuit. *Ohio Fuel Gas Co. v. Mt. Vernon* (1930), 37 Ohio App. 159, 169, 174 N.E. 260, 263; *Mulder v. Amherst* (1962), 115 Ohio App. 117, 119–120, 20 O.O.2d 227, 228–229, 184 N.E.2d 602, 603–604. Thus, the city has the discretion to evaluate a case and determine that a settlement, at some amount less than the full alleged value, is in the best interest of its citizens. The settlement of a case by the municipality does not violate R.C. 5705.45. Accordingly, appellant's first argument is without merit.

■ Next, appellant submits that absent legislative action authorizing an officer of the municipality to settle a claim, a release signed by an acting city manager is void and invalid. Specifically, appellant alleges that Onello signed the release on behalf of the city but without the city's approval. City council had not authorized the settlement at the time Onello, as acting city manager, agreed to it. Appellant concedes that Onello had the authority to sign contracts on behalf of the city but disputes Onello's unabridged authority to do so without prior approval from city council.

It is clear, however, that even if appellant's argument was found to be meritorious, this mistake could not amount to more than harmless error in light of what occurred subsequent to the signing of the release. We refer to the fact that on April 19, 1999, city council explicitly ratified Onello's action. While it was admittedly after the fact, and could not have been considered by the trial court, it

does indicate that the legislative branch of the city condoned the settlement agreement. As an aside, we note that the city charter appears to give a city manager the authority to sign all contracts on behalf of the city and there is no mention made of prior legislative approval. Section 3(5), Article IV. Thus, appellant's second argument is without merit.

In his third argument, appellant claims that the doctrine of separation of powers prevents a city from impeding or impinging upon judicial jurisdiction of a pending taxpayer's lawsuit. It is appellant's position that once the city law director refuses to file the lawsuit, which opens the door for a taxpayer to do so, the city can no longer act on the matter once a court has assumed jurisdiction of the case. Appellant argues that the city has wrongfully bypassed the jurisdiction of the court by virtue of the settlement without any input by the taxpayer who instituted the legal action.

Appellant, however, has failed to provide this court with any legal authority to support his novel position. We fail to comprehend how the city has impeded on the jurisdiction of the trial court. The city did not grant summary judgment in this case, nor did the city dismiss the taxpayer lawsuit. Those actions were taken by the common pleas court in a manner consistent with its jurisdiction. Thus, we must reject appellant's third argument.

Finally, appellant argues that in a taxpayer's action, the court must determine whether any proposed settlement is fair and reasonable before it can be entered into. Once again, however, appellant has failed to provide this court with any authority for such a proposition. Appellant argues that a taxpayer's lawsuit is akin to a derivative action by shareholders brought pursuant to Civ.R. 23.1 that requires court approval prior to dismissal or compromise. There is no similar rule requiring court approval in a taxpayer's lawsuit. Additionally, while the trial court was not asked to approve the proposed settlement, it was made aware of the terms of the settlement prior to granting summary judgment in this case. The trial court, therefore, implicitly approved of the settlement. Thus, appellant's fourth argument is also rejected.

Based upon the foregoing analysis, appellant's first assignment of error is without merit.

In the second assignment of error, appellant maintains that the trial court erred in denying his motion for summary judgment. However, a review of the trial court record reveals that the exact issues raised in appellant's February 16, 1999 motion for summary judgment, the overruling of which he now assigns as error, had been earlier raised in appellant's 1996 motion for summary judgment, which also had been overruled by the trial court. However, subsequent to the overruling of his first motion for summary judgment, the trial court issued a final

appealable order that was the subject of appellant's first appeal. In the first appeal, appellant did not assign as error the denial of his first motion for summary judgment.

Under the doctrine of law of the case, appellant was precluded from relying on arguments upon remand that were fully pursued, or could have been fully pursued, in a first appeal. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404–405, 659 N.E.2d 781, 783–784; *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 552–553. Appellant could have raised these issues in the first appeal but failed to do so. He was then precluded from doing so upon remand. Thus, if for no other reason, the trial court properly overruled appellant's motion for summary judgment.

Appellant's second assignment of error is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J. and NADER, J., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.