STEFFEN ET AL., APPELLANTS, *v.* GENERAL
TELEPHONE COMPANY ET AL., APPELLEES.

[Cite as Steffen v. General Telephone Co.,
60 Ohio App. 2d 144.]

(No. CA77-06-0069—Decided October 11, 1978.)

*Messrs. Baden, Jones, Scheper & Crehan,* for appellants.
*Mr. Edward J. Utz,* for appellee General Telephone Company of Ohio.
*Mr. James R. Adams,* for appellee Cincinnati Bell, Inc.

BLACK J. Plaintiffs appeal from an order dismissing their action, granted for the reason that the trial court had no jurisdiction of the subject matter set forth in the complaint, the amended complaint or the second amended complaint.* In its opinion, the trial court stated its conclusions that all the

---

*The dismissal was granted under Civ. R. 12 (B) (1) for lack of jurisdiction over the subject matter, and was addressed to all three complaints. We will direct our consideration only to the third one, denominated "Second Amended Complaint," because it contains all the allegations of the two earlier complaints, plus new allegations not found in them.

questions raised in the three complaints are about services rendered by the appellee telephone companies, and that the Public Utilities Commission of Ohio had exclusive jurisdiction of all such questions, under *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6.

It is well established that under a motion to dismiss for failure to state a cause of action filed pursuant to clause (6) of Civ. R. 12 (B), the complaint cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson* (1957), 355 U. S. 41, 45-46. In the instant case, the motion claimed lack of jurisdiction of the subject matter, under clause (1) of the rule, but we hold that a similar principle controls: if under the allegations of the second amended complaint, plaintiffs demonstrated that the court has subject matter jurisdiction, then the second amended complaint was improperly dismissed. Stated otherwise, the question is whether the plaintiff has alleged any cause of action cognizable by the forum.

Our review of the second amended complaint leads us to the conclusion that the trial court was only partially correct. The court had subject matter jurisdiction of those matters set forth in three of the eleven causes of action found in the second amended complaint. Accordingly, we reverse the judgment below and remand this case for further proceedings.

Briefly, plaintiffs allege that they are in the business of real estate sales and that they sought to have installed at their place of business a "foreign exchange telephone," but that the defendant telephone companies failed to provide an adequate and efficient "foreign exchange service." In the first seven causes of action and in the tenth cause of action, they allege negligence in the rendering of services, breaches of contract and of express and implied warranties about service, misrepresentations about service, and failure to provide service. All these allegations clearly have to do with services rendered or to be rendered by the telephone companies in accordance with tariffs filed with and approved by the Public Utilities Commission. These are clearly within the exclusive jurisdiction of the Commission, under *Winter, supra,* wherein the Supreme Court held that the Commission has exclusive jurisdiction of such matters as the discontinuance of

telephone service for nonpayment of amounts due for service. In *State, ex rel. Columbia Gas,* v. *Kiroff* (1976), 46 Ohio St. 2d 397, the determination of the legality of increased rates charged by a public utility for natural gas in an emergency was held to be within the exclusive jurisdiction of the Commission. See, also, *North Ridge Invest. Corp.* v. *Columbia Gas* (1973), 49 Ohio App. 2d 74, where the complaint was that the defendant public utility company refused to furnish natural gas service after representing that it would be available to plaintiff's residential development.

The additional allegations in the first seven and the tenth causes of action that the telephone companies acted either maliciously, wilfully or intentionally do not change the character of the subject matter of those allegations. All of them have to do with service rendered or to be rendered, matters that are within the exclusive jurisdiction of the Public Utilities Commission and subject to initial complaint under R. C. 4905.26.

However, the allegations set forth in the eighth, ninth and eleventh causes of action of the second amended complaint are of an entirely different nature. Appellants allege, therein, that the telephone companies maliciously and wilfully harassed and discredited them and that the companies tape-recorded and wilfully divulged to others the contents of private telephone conversations, all without the consent or knowledge of the appellants, and all of a nature to cause mental anguish, suffering and humiliation to a person of ordinary sensibilities. These allegations claim the malicious or wilful violation of plaintiffs' rights of privacy.

In the leading case of *Housh* v. *Peth* (1956), 165 Ohio St. 35, the Ohio Supreme Court affirmed an award of damages against a collection agent for harassment, holding as follows in the first and second paragraphs of the syllabus:

"1. The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned.

"2. An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the

public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

In *LeCrone* v. *Ohio Bell Telephone Co.* (1963), 120 Ohio App. 129, the Tenth Appellate District held that a telephone company could be severally liable with a separated husband for invading his wife's privacy if, after being informed that the wife was getting a divorce and that she was responsible for her own debts, the telephone company attached an extension line of the wife's without her knowledge and ran that extension to the husband's separate residence at his request. The intrusion alone is enough so long as it goes to a truly private matter and is of a nature to cause mental suffering or humiliation to a person of ordinary sensibilities. For a general discussion of rights of privacy, see, generally, Prosser on Torts 802 *et seq.*, Section 117 (4th ed. 1974).

The Supreme Court acknowledged that damages attributable to mental distress are usually recoverable in the absence of a contemporaneous physical injury only if the wrongdoer's act is a malicious or outrageous invasion of a personal right. *Columbus Finance,* v. *Howard* (1975), 42 Ohio St. 2d 178, at 185. See also, *Cincinnati Northern Traction Co.* v. *Rosnagle* (1911), 84 Ohio St. 310, in which a judgment awarded damages for fright and terror inflicted on a boy ten years of age wrongfully expelled at night from a street car because the only nickel he had for fare was mutilated, defaced and cracked, the conductor's action being intentional and wilful.

The tort of privacy rights invasion springs from the common law and is wholly independent of all rights and obligations created by the "comprehensive plan by which subscribers may contest the reasonableness of rates, rules, regulations and quality of service of a public utility" (to quote from *Winter, supra,* at 10). That comprehensive plan includes the filing of complaints against public utilities exclusively with the Public Utilities Commission under R. C. 4905.26, when the issue is whether "any rate, fare, charge, toll, rental, schedule, classification or service***is***in any respect unjust, unreasonable, unjustly discriminatory, un-

justly preferential, or***in violation of law***." The comprehensive plan also includes the award of treble damages, under R. C. 4905.61, against a public utility that does any act prohibited by R. C. Title 49, or omits to do anything required thereunder. An action in court for such damages must be preceded by the successful prosecution of a complaint under R. C. 4905.26. *North Ridge Invest. Corp.* v. *Columbia Gas, supra.*

R. C. 4905.26 provides for the filing of a complaint with the Public Utilities Commission when a service "is in any respect***in violation of law." We hold that this catchall phrase is intended to extend the Commission's jurisdiction to all wrongs arising under the comprehensive plan for the regulation of public utilities as set forth in R. C. Title 49, and that it does not vest in the Commission exclusive jurisdiction over common law torts committed by public utilities.

We can illustrate the point by two examples. First, suppose that a telephone repairman, during a service call to install a residential telephone and while within the scope of his employment, intentionally assaults a customer. A tort has been committed during the rendering of service, but the cause of action is not within the exclusive jurisdiction of the Public Utilities Commission. It falls instead within the traditional jurisdiction of the courts. Second, suppose that a telephone company employee maliciously harasses a customer by telephone. If he does this within the scope of his employment, are we to say that the matter is within the exclusive jurisdiction of the Public Utilities Commission, whereas, if his actions are not within the scope of his employment, the matter falls within the jurisdiction of the courts? We believe that the answer is obvious. Intentional, wilful and malicious torts committed by a public utility within the course of its service business are not within the exclusive jurisdiction of the Public Utilities Commission of Ohio, but may be litigated in the courts.

The allegations of the eighth, ninth and eleventh causes of action state claims that are not within the exclusive jurisdiction of the Public Utilities Commission.

Accordingly, we find the single assignment of error well

taken. We reverse the judgment below and remand this case for further proceedings.

*Judgment reversed and cause remanded.*

SHANNON, P. J. and BETTMAN, J., concur.

