JENKINS et al., Appellants,

v.

EBERHART et al., Appellees.

[Cite as *Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351.]

Court of Appeals of Ohio,
Scioto County.

No. 90CA1878.

Decided March 6, 1991.

*Wolery, Price & Hoover* and *Mark W. Price,* for appellants.

*Mowery, Brown & Blume, J. Rick Brown* and *T. Kevin Blume,* for appellee Robert Eberhart.

---

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Scioto County Court of Common Pleas dismissing the complaint filed by Rickey A. Jenkins and Harald R. Daub (on their own behalf and as taxpayers of the city of Portsmouth, Ohio), plaintiffs below and appellants herein, against Robert Eberhart ("Eberhart"), and the Council of the city of Portsmouth ("city council"), defendants below and appellees herein.[1] Appellants assign the following error:

"The trial court should not have dismissed this case for lack of jurisdiction."

---

1. David W. Wilson, Director of Finance for the city of Portsmouth, was also named as a defendant below. In that he is not a relevant party for purposes of resolving this appeal, we do not make any further reference to him.

The record reveals the following facts pertinent to this appeal. On June 2, 1987, Eberhart was hired by the city of Portsmouth, Ohio ("the city") to serve as city manager pursuant to an employment agreement. In the elections of November, 1987, the position of city manager was abolished as the city's charter was amended to provide for the election of a mayor beginning January 1, 1990. Nevertheless, Eberhart was to retain his position until the end of 1989 at which time he would resign his employment and begin work in Fairfield, Ohio.

On December 12, 1989, city council passed ordinance No. 115 which specified that Eberhart was to be paid for all "unused vacation time" as of the end of that year and declared that Eberhart was to be paid a bonus in the amount of $10,542.75. The ordinance further specified that the bonus was being paid under authority of the previously mentioned employment agreement and in consideration of Eberhart's aid in assisting the city's transformation to a mayor and city council form of government.

On December 18, 1989, appellants commenced the action below alleging that they were residents and taxpayers of the city. The complaint further alleged, *inter alia*, that Eberhart was not entitled to such a bonus because he was already working in Fairfield, Ohio, thus not aiding in the transition of government, and because the employment agreement did not authorize any such bonus. In addition, appellants averred that Eberhart should not be paid for unused vacation time as such action would violate the city's codified ordinance that vacation time was non-cumulative. Appellants demanded judgment for, among other things, preliminary and permanent injunctions against these amounts being paid to Eberhart as well as declaratory judgments that he was not entitled to such amounts.

Contemporaneously, appellants moved for a temporary restraining order to block payment of these amounts to Eberhart. On December 28, 1989, such order was granted. At that time, appellants were also granted leave of court to amend their complaint in order to include an additional cause of action.[2] On January 3, 1990, the amended complaint was filed below repeating the same allegations as were in the original and further averring that Eberhart was not entitled to the payments because no auditor's certificate of availability had been obtained.

On January 10, 1990, the cause below came on for hearing on appellants' request for a preliminary injunction. At that time, appellees moved to dismiss

---

2. Under Civ.R. 15(A), a party may amend his complaint at any time, without leave of court, before a responsive pleading is filed. In reviewing the record, we cannot discern any answer having been filed by appellees below and, therefore, leave of court was unnecessary in this instance.

the action on the grounds that appellants had not complied with the requirements of R.C. 733.59 in that they had failed to make a written request upon the city solicitor to bring the action before bringing it themselves. The court below then determined that such a written request to the city solicitor was a jurisdictional prerequisite before such action could be entertained and, in its absence, the complaint must be dismissed. The judgment entry dismissing the action was filed the same day and this appeal follows.[3]

While the court below did not explicitly state its authority for dismissing appellant's action, a "pre-responsive pleading" motion to dismiss for lack of subject matter jurisdiction is sanctioned under Civ.R. 12(B)(1). The Ohio Supreme Court does not appear to have set a definitive standard for appellate review of such dismissals although several courts of appeal have employed a standard of inquiring as to whether the complaint dismissed alleged any cause of action cognizable by the forum. See *Steffen v. Gen. Tel. Co.* (1978), 60 Ohio App.2d 144, 145, 14 O.O.3d 111, 112, 395 N.E.2d 1346, 1348; *Avco Financial Services Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378, 1380. The court in *Steffen* determined this standard of review by comparison of such motions to those made under Civ.R. 12(B)(6).

 However, in resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into one for summary judgment under Civ.R. 56. See *State ex rel. Alford v. Willoughby Civil Service Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785. By contrast, the Supreme Court has stated that a trial court is *not confined to the allegations* of the complaint when determining jurisdiction under a Civ.R. 12(B)(1) motion but may consider outside materials pertinent to such inquiry. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, at paragraph one of the syllabus. By analogy to the federal rules, we also note that this has been deemed a "crucial

---

3. While not pertinent to resolving the issues posited by this appeal, we note that there was additional activity on this case subsequent to the judgment entry dismissing the action. On January 10, 1990, appellants filed a motion for new trial asserting that the trial court abused its discretion in dismissing the action. In support of their motion, appellants attached an affidavit by Howard Griffin, a city council member, to the effect that a written request upon the city solicitor "would have been to no avail." On January 18, 1990, the trial court overruled appellant's motion. Although not contained in the record, it would further appear that appellants recommenced their action below on January 17, 1990, by filing a complaint which alleged, among other things, that a written request had been made upon the city solicitor to commence suit and such request had been denied. On March 12, 1990, appellees filed a motion with this court to dismiss the within appeal on the grounds that the new action filed below had rendered the issues herein moot. We overruled that motion on April 24, 1990.

distinction" between Fed.R.Civ.P. 12(b)(1) and 12(b)(6). 2 A Moore's, Federal Practice (1990) 12–48, Paragraph 12.07[2.–1]. Thus, we decline to follow the standard employed in *Steffen.*

In that Civ.R. 12(B)(1) and Fed.R.Civ.P. 12(b)(1) are like provisions, See 4 Anderson, Ohio Civil Practice (1989) 333, Section 152.08, it is appropriate to inquire as to the standard of review employed by the federal courts. Under Fed.R.Civ.P. 12(b)(1), a court may dismiss a complaint for lack of jurisdiction over subject matter on the basis of "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker* (C.A.5, 1981), 645 F.2d 404, 413. Thus, a distinction is drawn between an attack on the factual basis of the court's jurisdiction and an attack on the facial sufficiency of the complaint. *Id.; see, also, Eaton v. Dorchester Dev., Inc.* (C.A.11, 1982), 692 F.2d 727, 731.

In the cause *sub judice*, there does not appear to have been any resolution of disputed material issues of fact in dismissing appellants' action. Rather, the court below relied on the face of the amended complaint and, *of particular significance*, appellants' admissions at the hearing that there had not been a written request made of the city solicitor to commence such an action prior to commencing one themselves. Where a trial court resolves an attack on the facial sufficiency of a complaint and does not make any determinations with regard to disputed factual issues, our review is limited to determining whether the court's application of the law is correct. *Williamson, supra,* at 413.

In support of their assignment of error, appellants advance two separate arguments that the trial court incorrectly applied the law. First, appellants contend that a written demand upon the city solicitor to commence the action, as required by R.C. 733.59, "would have been to no avail" and, therefore, the court erred in dismissing the action. We disagree.

The provisions of R.C. 733.59 state, in pertinent part, as follows:

"If the village solicitor or city director of law fails, *upon the written request of any taxpayer* of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. * * * No such suit or proceeding shall be entertained by any court until the taxpayer given security for the cost of the proceeding." (Emphasis added.)

The statutory requirement of a written request upon a city solicitor or law director to commence a civil action has been characterized as a jurisdictional prerequisite before any right to bring the action accrues to the taxpayer.

*Popson v. Henn* (1984), 17 Ohio App.3d 1, 3, 17 OBR 47, 49, 477 N.E.2d 465, 468; *Thelander v. Cleveland* (1981), 3 Ohio App.3d 86, 95, 3 OBR 100, 109, 444 N.E.2d 414, 423. As they did at the hearing below, appellants concede in their brief that no such request had been made upon the city solicitor prior to their commencement of the action below. However, appellants cite us to several Supreme Court decisions for the proposition that such requirement is excused where it appears that the request would have been futile.

In *State ex rel. Nimon v. Springdale* (1966), 6 Ohio St.2d 1, 35 O.O.2d 1, 215 N.E.2d 592, at paragraph three of the syllabus, the Supreme Court held as follows:

"Where a solicitor of a municipal corporation transmits a *written opinion* advising its council to refrain from acting on a pending matter and the council, in reliance upon the opinion, refrains from acting, a request upon the solicitor to institute suit to compel the council to act on the matter would be unavailing * * * and a taxpayer's noncompliance with the condition of Section 733.59, Revised Code, requiring a written request to, and failure by, the solicitor to institute suit, is excused." (Emphasis added.)

The court further expanded this exception in *State ex rel. White v. Cleveland* (1973), 34 Ohio St.2d 37, 63 O.O.2d 79, 295 N.E.2d 665, at paragraph two of the syllabus by stating, in pertinent part, as follows:

"Where a taxpayer requests the Law Director of a municipality to advise the Commissioner of the Division of Building to permit the inspection and copying of public records * * * and the Law Director refuses, relying upon an alleged policy of the municipality, it is clear that a written request upon the Law Director to maintain a mandamus action against the commissioner * * * would be futile and unavailing, and such request, required by R.C. 733.59, is excused. [Citation omitted.]"

As appellants point out, the Supreme Court reached its conclusions in these cases by analyzing whether the particular circumstances presented therein demonstrated "that it would have been unavailing to have made a request upon the solicitor." *Springdale, supra,* 6 Ohio St.2d at 6, 35 O.O.2d at 4, 215 N.E.2d at 596; *Cleveland, supra,* 34 Ohio St.2d at 42, 63 O.O.2d at 81, 295 N.E.2d at 668. Appellants contend that the circumstances in the cause *sub judice* similarly compel a conclusion that it would have been unavailing to have made such a request upon the city solicitor before commencing the action below.

■ We find this argument unpersuasive in light of the fact that there was no evidence of any such circumstances presented to the court below. Appellants argue that the "abrupt dismissal" of their complaint prevented them

from garnering sufficient evidence to establish such circumstances. However, we note that the exception for making a written request upon a city solicitor, because such action would have been futile, must be established from events which occur *before* the action is commenced and not reconstructed from hindsight through materials elicited during discovery. See *Thelander, supra,* at 96, 3 OBR at 110, 444 N.E.2d at 424. Moreover, appellants failed to give any testimony, or call any witness, or produce any other evidence to show that the circumstances, before commencing the suit, would have made it unavailing to make such a request upon the city solicitor.[4]

Appellants also rely on the affidavit of Howard Griffin, attached to their motion for new trial, to substantiate their contention that such circumstances existed. Even assuming, *arguendo,* that such a motion was proper during the procedural posture of the case below, such affidavit was obviously not before the court until after the hearing and entry of judgment. We will not predicate a finding of error on the trial court's failure to consider evidence which was not even before it at that time. Additionally, we note that neither appellants' complaint, nor their amended complaint, set forth any allegation of circumstances which the trial court could have considered in determining whether such a written request would have been futile. In consideration of appellants' admissions that no request was made of the city solicitor, and in light of the absence of any evidence or allegations that such a request would have been unavailing, we hold that the trial court correctly applied the law in determining that it did not have jurisdiction to consider appellants' taxpayer action.

Appellants' final argument in support of their assigned error is that the court below erred in dismissing their declaratory judgment action along with their taxpayer action. Again, we disagree. The Supreme Court has repeatedly held that the declaratory judgment statute provides an additional remedy which may be granted by a court, but does not extend the jurisdiction over the subject matter upon which a court may act. *Ryan v. Tracy* (1983), 6 Ohio St.3d 363, 367, 6 OBR 416, 419, 453 N.E.2d 661, 664; *State ex rel. Foreman v. Bellefontaine Mun. Ct.* (1967), 12 Ohio St.2d 26, 28, 41 O.O.2d 159, 159–160, 231 N.E.2d 70, 71.

---

4. The transcript of the hearing below reveals certain remarks by appellants' counsel to the effect that the city solicitor had expressed to him, as late as the morning of the hearing, that he would not have commenced the suit if he had been requested to do so. Assuming that such remarks would be proper evidence in the first place, we repeat that the circumstances demonstrating the futility of making such a request must occur before the suit is commenced and these remarks do not reveal the time frame in which those assurances were made. Moreover, it is reasonable to believe that when the Supreme Court adjudicated these exceptions it intended for such circumstances to be within the personal knowledge of the parties to the action rather than a non-party such as appellants' counsel.

Appellants' argument herein is analogous to that presented to the Supreme Court in *Ryan*. In that case, Ryan brought a class action to recover real property taxes which he alleged had been erroneously paid during tax years 1975 through 1979. In the first portion of the opinion, the court determined that Ryan's action was governed by the tax refund provisions in R.C. 2723.01 which, as the parties therein agreed, would then be barred by the relevant statute of limitations.

In the final portion of the *Ryan* opinion, the court turned its attention to appellants argument that he was, alternatively, seeking a declaratory judgment rather than monetary damages in refund of the taxes paid. In rejecting this argument, the court opined as follows:

" * * * [Ryan] would convince us that in a declaratory judgment proceeding the rules ordinarily attendant to the *underlying cause of action* are suspended and new strictures apply. Such is clearly, however, not the case." (Emphasis added.) *Ryan*, 6 Ohio St.3d at 367, 6 OBR at 419, 453 N.E.2d at 664.

Thus, the court concluded that because the underlying cause of action for refund of the taxes must fail, so too must the request for declaratory relief fail. Consistent with this position, we hold that the failure of the taxpayer action below mandates that the request for declaratory relief fail as well.

Appellants cite *Levert v. Woodmere* (Oct. 6, 1983), Cuyahoga App. No. 46459, unreported, 1983 WL 2624, for the proposition that there is a separate common law action for declaratory judgment which does not require compliance with the statute. We are, however, of the opinion that *Levert* is inappositive to the cause *sub judice*. That decision reveals that the only relief requested from the court was an adjudication that a municipal ordinance was unconstitutional which, as the court of appeals noted, was not one of those actions set forth in R.C. 733.56 through 733.58. In this case, however, the true substance of appellants' action is for an injunction which is explicitly provided for in R.C. 733.56. The Supreme Court has recently held that a common law action predicated upon a taxpayer's rights may be entertained only in the absence of a statutory remedy. *Westbrook v. Prudential Ins. Co. of America* (1988), 37 Ohio St.3d 166, 170, 524 N.E.2d 485, 488. The General Assembly has provided a statutory remedy for injunctions under R.C. 733.56 and we are not persuaded by appellants' attempts to circumvent the operation of the statute by including a request for declaratory judgment. Were we to rule otherwise, then the statutory requirements for injunctions, specific performance (R.C. 733.57) and mandamus (R.C. 733.58) could forever be circumvented by merely inserting a request for declaratory judgment. We decline the opportunity to so frustrate the operation of R.C. 733.59.

For the foregoing reasons, appellants' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur.

HARSHA, Judge, concurring.

I concur in the judgment and opinion overruling appellants' assignment of error, and affirming the judgment of the court below, but would add the following. The principal opinion does not explicitly address the issue of whether the trial court's January 18, 1990 judgment overruling appellants' Civ.R. 59(A)(1) and (7) motion for a new trial was proper. However, appellants' February 9, 1990 notice of appeal in the instant case was from the judgments entered "on January 10, 1990 and January 18, 1990." Moreover, appellants' brief on appeal contains the argument that "[t]he trial court should therefore have sustained the motion for a new trial. It did not, and that decision should be reversed." Therefore, I am persuaded that this issue should be addressed.

In order for a new trial to be granted under Civ.R. 59, a previous trial must be had. *In re Terry* (1988), 51 Ohio App.3d 133, 137, 554 N.E.2d 1365, 1370. In determining what constitutes a trial, the following has been stated:

"An examination of the grounds for a new trial under Civ.R. 59(A) suggests that the drafters of the rule contemplated the term 'trial' in its conventional sense, that is, an adversary proceeding, including pleadings, opening statements, presentation of evidence, closing arguments, and submission to the court or jury for final determination." *Brown v. Coffman* (1983), 13 Ohio App.3d 168, 13 OBR 203, 205, 468 N.E.2d 790, 791; *Terry, supra,* 51 Ohio App.3d at 137, 554 N.E.2d at 1370.

Since the proceeding prior to appellants' motion for a new trial was simply on appellees' Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction and did not address the merits of appellants' action, the trial court did not err in overruling appellants' motion for a new trial.