**JONES, Appellant,**

v.

**SHANNON, et al., Appellees.**

[Cite as *Jones v. Shannon* (2000), 139 Ohio App.3d 508.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 99CA115.

Decided April 21, 2000.

*Matthew A. Szollosi, Joseph M. D'Angelo* and *John M. Roca,* for appellant.
*John E. Sharts,* for appellees.

GRADY, Presiding Judge.

This is an appeal from an order of the court of common pleas that dismissed the plaintiff's claims for relief in tort on a finding that they are preempted by federal law.

This action was commenced by Dennis Jones, who alleged in his complaint that he was acting "in his capacity" as a labor organizer when he was assaulted by Albert L. Shannon. Jones alleged that he was using a video camera at the time. Jones further alleged that Shannon and his company were performing work on a job site when the assault took place.

Defendant Shannon answered, admitting the respective roles of the parties that Jones alleged but denying that he had assaulted Jones. Shannon also filed a counterclaim alleging that Jones had tortiously interfered in the activities of Shannon's business when the events alleged took place.

Jones filed a motion to dismiss Shannon's counterclaim pursuant to Civ.R. 12(B)(1) and (6). Jones argued that the claims for relief therein were preempted by the National Labor Relations Act and must be presented to the National

Labor Relations Board ("NLRB"). Thereafter, in a tit-for-tat response, Shannon filed a like motion on the same grounds to dismiss plaintiff Jones's complaint.

Civ.R. 12(B) permits the defenses therein to be stated by motion rather than in a responsive pleading at the option of the pleader, but adds that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." Jones's motion to dismiss the counterclaim that Shannon filed conformed to that requirement, as Jones had not yet filed a reply to the counterclaim. The motion to dismiss that Shannon filed violated that requirement of Civ.R.12(B), because Shannon had previously filed an answer to the complaint which his motion sought to dismiss.

■ Shannon's motion to dismiss was subject to a motion to strike. However, the United States Supreme Court has held that state procedural rules cannot bar a federal preemption claim, which may be made at any time. *Internatl. Longshoremen's Assn. v. Davis* (1986), 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389. Further, a motion to dismiss is the proper method by which the claim is made. *Internatl. Union of Elec., Radio & Machine Workers, CIO v. Underwood Corp.* (C.A.2, 1955), 219 F.2d 100. Even so, those requirements do not themselves exemplify the grounds for the motion to dismiss, which must be shown by the record. If necessary, evidentiary submissions may be made to support the motion. None were filed here.

The trial court, relying on the rule of *San Diego Building Trades Council v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775, held that it was preempted by the National Labor Relations Act from granting relief on the parties' respective claims for relief because the matters involved are not merely peripheral in nature to a labor dispute. The trial court granted both motions to dismiss on the basis of its holding.

Jones filed a timely notice of appeal from the trial court's order dismissing his complaint. Shannon has not appealed from the order dismissing his counterclaim.

Jones presents a single assignment of error on appeal, which states:

"The lower court committed reversible error by dismissing as preempted appellant's claims for redress from defendants' violent tortious conduct because violence falls squarely within the 'local interests' exception to federal preemption."

■ The motions that both parties filed argued federal preemption of the claims presented by the other. In that respect, both alleged a lack of jurisdiction and sought dismissal pursuant to Civ.R. 12(B)(1). However, neither motion was supported by testimonial evidence. Therefore, the trial court could grant the

motion that Shannon filed only if it appears beyond doubt from the face of the complaint that Jones filed that he could prove no set of facts that entitled him to recovery on his claims for relief. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753; *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572; *Steffen v. Gen. Telephone Co.* (1978), 60 Ohio App.2d 144, 14 O.O.3d 111, 395 N.E.2d 1346. That is a question of law, which this court reviews *de novo.*

■ *Garmon* holds that the National Labor Relations Act preempts state jurisdiction in matters arising out of labor disputes unless the matters involved are only of a peripheral concern to the Act and/or they touch deeply rooted local interests. Actual or threatened violence to person or property is such a matter. *Lodge 76, Internatl. Assn. of Machinists & Aerospace Workers, AFL–CIO v. Wisconsin Emp. Relations Comm.* (1976), 427 U.S. 132, 96 S.Ct. 2548, 49 L.Ed.2d 396. Claims of intentional infliction of emotional distress arising from alleged violence or threats of violence are likewise not preempted. *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25* (1977), 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338.

■ All we know from the operative facts alleged in Jones's complaint is that he was videotaping activities at the job site "in his capacity as an organizer" for a labor union when he was allegedly assaulted by Shannon. We are not told, and do not know, how the acts that Jones undertook or performed in that capacity implicate the protections conferred by the National Labor Relations Act. Therefore, we cannot find whether the matters involved are or are not peripheral to the Act. *Garmon.* Further, the operative facts that Jones alleged are sufficient in law to support the resulting claims for relief for battery and intentional infliction of emotional distress set up in the complaint that Jones filed, and those matters do touch deeply rooted local interests. *Id.*

We conclude that, on the record before it, the trial court erred when it granted Shannon's motion to dismiss. The matters alleged are only of peripheral concern to the National Labor Relations Act. Therefore, preemption does not apply.

The assignment of error is sustained. The judgment of the trial court will be reversed and the case will be remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.