DECISION AND JOURNAL ENTRY
Virgil Cochran appeals the decision of the Summit County Court of Common Pleas, dismissing his complaint against Ameritech Corporation. This court affirms.
Cochran filed a complaint in the Summit County Court of Common Pleas against Ameritech Corporation and two Ameritech executives for negligence, invasion of privacy, intentional infliction of extreme emotional distress, and violation of Cochran's civil rights as protected by 42 U.S.C. § 1983. Cochran also asked the trial court to issue a "declaratory judgment as to the parties." However, it is clear that the issue to be resolved is whether Ameritech improperly discontinued telephone service for nonpayment of the account balance on a telephone line used by Cochran. The telephone account in question was allegedly listed only in the name of Cochran's now deceased son. However, Cochran allegedly used the telephone service jointly with his son prior to the son's death, and continued to use it after his son died.
In his complaint, Cochran asks for "both compensatory andpunitive [sic], on behalf of Virgil Cochran against Defendants forthe damage they caused during all the time that his telephone hasbeen blocked to the present time: but not for actual refusal ofthe telephone service itself but for their denial of hisconstitutional contractual and lawful rights against the seizureand destruction by blocking out of his telephone line connectionservice." Although Cochran alleges numerous tortious offenses forwhich he seeks compensation, these claims are all based on, andare merely thinly disguised restatements of, Cochran's essentialclaim that Ameritech and its employees wrongly denied himtelephone service.[1]
The Public Utility Commission of Ohio ("PUCO") has jurisdiction to adjudicate utility customer complaints related to rates or services of the utility. Kazmaier Supermarket, Inc. v.Toledo Edison Co. (1991), 61 Ohio St.3d 147, 151-152. The Supreme Court of Ohio recognized that "the commission with its expert staff technicians familiar with the utility commission provisions" is best suited to resolve such disputes. Id. at 153. Where a claim is related to service, as defined by statute, R.C. 4905.26
gives PUCO exclusive jurisdiction and PUCO's decision is reviewable only by the Supreme Court. State ex rel. Northern OhioTel. Co. v. Winter (1970), 23 Ohio St.2d 6, 9-10.
Contract and pure common-law tort claims against a publicutility may be brought in a common pleas court. See State ex rel.Ohio Power Co. v. Harnishfeger (1980), 64 Ohio St.2d 9, 10;Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 195;Steffen v. Gen. Tel. Co. (1978), 60 Ohio App.2d 144, 148. Wecannot conclude that the instant claim falls within the exceptionto the exclusive jurisdiction of PUCO, as outlined inHarnishfeger, Milligan, and Steffen.
If the claim is related to service as contemplated by R.C.4905.26, PUCO has exclusive jurisdiction. See Gayheart v. DaytonPower Light Co. (1994), 98 Ohio App.3d 220, 228. R.C. 4905.26
provides:
 Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by said public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof[.]
The Supreme Court of Ohio has concluded that, "R.C.4905.26 provides a detailed procedure for filing service complaints. This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the Commission." Kazmaier,61 Ohio St.3d at 152, quoting Winter, 23 Ohio St.2d at 9.
It is clear from the record before this court that the trialcourt had no jurisdiction to hear this case, since the subjectmatter is subject to the exclusive jurisdiction of PUCO, pursuantto R.C. 4905.26. The trial court granted defendants' motion todismiss or for summary judgment, upon the court's determinationthat the action was "legally frivolous." We do not reach themerits of the complaint because the trial court did not havesubject matter jurisdiction. "[A] reviewing court is notauthorized to reverse a correct judgment merely because erroneousreasons were assigned as a basis thereof." State ex rel. Carterv. Schotten (1994), 70 Ohio St.3d 89, 92, citing State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217,222; Myers v. Garson (1993), 66 Ohio St.3d 610, 614.
Having determined that the trial court lacked subject matter jurisdiction, we affirm the judgment of the trial court to dismiss the action.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
CARR, J.
 CONCUR
[1] Cochran's first claim, for a violation of his civil rights pursuant to 42 U.S.C. § 1983, claims that defendants, as private citizens, acted "under color of Ohio law." The second claim asserts negligence in maintaining its own billing records and verifying long-distance service charges that are billed by other service providers through Ameritech. The third claim is for intentional infliction of emotional distress for discontinuing the telephone service. The fourth claim for invasion of privacy is also based on the discontinuation of service. Although Cochran's complaint is captioned in part "TORTIOUS INTERFERENCE WITH BUSINESS," he does not actually assert a claim for this tort.