ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Roy Thomas, appeals the judgment of the Cuyahoga County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Barbara Byrd-Bennett, Chief Executive Officer of the Cleveland Municipal School District, and Harriet B. Young, Principal of Wade Park Elementary School. For the reasons that follow, we reverse.
On January 19, 2000, appellant filed suit against Bennett, Young, Mayor Michael R. White, ten unnamed students of Wade Park Elementary School and twenty unnamed parents or guardians of the ten students. In his complaint, appellant alleged that while he was employed by the Cleveland Municipal School District from August 1998 through January 1999 as a teacher at Wade Park Elementary School, ten unnamed students assaulted and physically attacked him. Appellant alleged further that although he complained to appellees about the attacks on numerous occasions, appellees and the parents or guardians of the students failed to control the students or protect him from the assaults.
On February 23, 2000, Bennett and Young filed their answer to appellant's complaint. In their answer, appellees denied appellant's allegations and set forth several affirmative defenses, including the defense that appellant had failed to exhaust his administrative remedies pursuant to a collective bargaining agreement between the Cleveland Teachers' Union and appellant's employer, the Cleveland Municipal School District. Appellees did not submit an authenticated copy of the collective bargaining agreement with their answer, however.
Subsequently, on June 26, 2000, appellees filed a motion to dismiss pursuant to Ohio Civ.R. 12(B)(1). In their motion, appellees argued that the trial court did not have subject matter jurisdiction of appellant's complaint because appellant had failed to exhaust his administrative remedies pursuant to the grievance procedure set forth in Article 6, Section 5 of the collective bargaining agreement between the Cleveland Teachers' Union and appellant's employer, the Cleveland Municipal School District. Appellees did not submit an authenticated copy of the collective bargaining agreement to the trial court, however, and did not attach a sworn affidavit from a School District official authenticating the allegations contained in their motion.
On July 17, 2000, without conducting a hearing, the trial court granted appellees' motion to dismiss. Appellant timely appealed, raising one assignment of error for our review:
 THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION TO DISMISS.
Appellant asserts that the trial court erred in granting appellees' motion to dismiss because, pursuant to R.C. 4101.11, every employer has a duty to furnish a place of employment which is safe for the employees therein. Appellant further contends that because there is nothing in the collective bargaining agreement regarding the safety of employees, his allegations that appellees failed to maintain a safe workplace arise outside of the collective bargaining agreement and, therefore, the trial court has subject matter jurisdiction of his complaint.
Appellees, however, contend that it is undisputed that appellant's claims are subject to the grievance procedure set forth in the collective bargaining agreement between the Cleveland Municipal School District and the Cleveland Teachers' Union. Therefore, appellees assert, appellant's exclusive remedy is to follow the grievance procedure set forth in the agreement. Appellees also assert that because appellant's claims are covered by the collective bargaining agreement, appellant's complaint alleges an unfair labor practice that should have been raised in an unfair labor practice charge filed with the State Employment Relations Board.
We reverse the trial court's decision but for reasons other than those argued by appellant.
The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action which the court has the authority to decide. Avco Fin. Serv. Loan, Inc. v. Hale (1987), 36 Ohio App.3d 65; Steffen v. Gen. Tel. Co. (1978), 60 Ohio App.2d 144.
In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the trial court is not confined to the allegations of the complaint and may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976),48 Ohio St.2d 211, paragraph one of the syllabus. A court may generally dismiss a complaint for lack of jurisdiction over the subject matter on the basis of: 1) the complaint alone, 2) the complaint supplemented by undisputed facts evidenced in the record, or 3) the complaint supplemented by undisputed facts, plus the court's resolution of disputed facts regarding jurisdiction. Bowen v. Britton (1993), 84 Ohio App.3d 473,477-478, citing Jenkins v. Eberhart (1991), 71 Ohio App.3d 351, 355.
Here, it is apparent that appellees' motion to dismiss for lack of subject matter jurisdiction was based on matters outside the complaint. In their motion, appellees argued that appellant's claims arose from a collective bargaining agreement between the Teachers' Union and the School District that provides for final and binding arbitration and, therefore, appellant's sole remedy was to follow the grievance procedure set forth in the collective bargaining agreement. There was no allegation in appellant's complaint, however, that he was a member of the Cleveland Teachers' Union or that appellees' alleged failure to adequately protect him while he was employed by the School District was a breach of any collective bargaining agreement between the Union and appellant's employer. Thus, in ruling upon appellees' motion to dismiss, the trial court was compelled to consider evidence outside the complaint.
Appellees never provided such evidence to the trial court, however. Appellees did not submit an authenticated copy of the collective bargaining agreement with either their answer to appellant's complaint or their motion to dismiss. Moreover, appellees did not support the allegations contained in their motion with a sworn affidavit from any School District official attesting to the veracity of the allegations contained therein. While a trial court may consider material outside the complaint when determining its subject matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion, more than unsubstantiated allegations in a memorandum or brief is required. Here, appellees' totally unsubstantiated allegations were clearly insufficient to establish that the allegations of appellant's complaint were covered by a collective bargaining agreement and accordingly, that the trial court lacked jurisdiction over appellant's complaint. The trial court erred, therefore, in granting appellees' motion to dismiss.[1]
Appellees also argue that the trial court lacks jurisdiction because appellant's claims allege an unfair labor practice and, therefore, appellant should have filed an unfair labor practice charge with the State Employment Relations Board. Appellees did not raise this argument below and, consequently, have waived it for purposes of appeal. See Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 220.
Appellant's assignment of error is sustained.
Judgment is reversed.
This cause is reversed.
It is, therefore, ordered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and JAMES J. SWEENEY, J., CONCUR.
[1] We also note that appellees' motion to dismiss contains a rubber stamped signature of the attorney of record rather than an original signature. Civ.R. 11 clearly mandates that every pleading, motion, or other paper of a party represented by an attorney be signed by an attorney of record. The purpose of the rule is to deter pleading and motion abuses; it is to assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it. Stevens v. Kiraly (1985), 24 Ohio App.3d 211, 213. The attorney in signing the document certifies that, to the best of his or her knowledge, information, and belief, the pleading, motion or other paper is supported by good grounds. Id. Consequently, a rubber stamped signature of an attorney does not meet the requirements of Civ.R. 11.