POLLACK, Appellant,

v.

WATTS, Appellee, et al.

[Cite as *Pollack v. Watts* (1999), 134 Ohio App.3d 560.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 98CA74.

Decided Sept. 10, 1999.

*Susan Pollack, pro se.*

*Betty D. Montgomery,* Attorney General, and *Arthur J. Marziale, Jr.,* Assistant Attorney General, for appellee.

FARMER, Judge.

Appellant, Susan Pollack, f.k.a. Mark Lee Pollack, is incarcerated in the Warren Correctional Institution. Appellee, Eugene Watts, is a state senator of the state of Ohio. On August 8, 1996, appellant filed a *pro se* complaint against appellee in the Court of Common Pleas of Fairfield County. The complaint alleged libel, slander, invasion of privacy, and infliction of emotional distress based upon appellee's involvement in newspaper articles about appellant published in the Lancaster Eagle–Gazette on August 3 and 8, 1995. Appellant's complaint also named a John Doe and a Jane Doe as defendants, alleged

employees of the Eagle–Gazette. On September 30, 1996, the trial court entered default judgment in favor of appellant.

On October 4, 1996, appellee filed a motion from relief from judgment and a motion to file answer instanter. On January 30, 1997, appellee filed a motion for judgment on the pleadings. By entries filed June 2, 1997 and December 3, 1997, the trial court granted the motion for judgment on the pleadings and dismissed appellant's complaint for lack of subject matter jurisdiction.

On December 31, 1997, appellant filed a notice of appeal. By opinion and judgment entry filed August 10, 1998, this court reversed and remanded the cause to the trial court based upon the trial court's consideration of evidentiary materials beyond the scope of the aforementioned motion. On September 4, 1998, appellee filed a motion for summary judgment. By memorandum of decision filed October 7, 1998, the trial court *sua sponte* dismissed the case for lack of subject matter jurisdiction pursuant to Civ.R. 12(H).

Appellant filed an appeal, and this matter is now before this court for consideration. Appellant's assignments of error are:

## I

"The trial court erred in using an overbroad and incorrect application of O.R.C. 2743.02."

## II

"The trial court erred in redeciding the factual evidence when it was directed by the court of appeals upon remand to decide the matter in 'accordance with law.'"

## III

"The trial court erred in deliberately undercutting summary judgment procedures and entering a sua sponte dismissal without allowing the appellant an opportunity to respond or introduce evidence in opposition."

## IV

"The trial court erred in not ruling upon the appellant's pending motions before entering its sua sponte dismissal."

## V

"The trial court erred in resolving issues of fact and failing to take the allegations of the complaint as true."

## VI

"The trial court erred in relying upon inadequate evidentiary materials which failed to offer conclusive proof of the issue at bar."

## VII

"The trial court erred in not holding a hearing on the question of jurisdiction."

## VIII

"The trial court erred by entering a dismissal upon an issue which had been waived by the failure to answer."

## IX

"The trial court erred in dismissing the complaint rather than entering a 'stay' or transfer."

## X

"The trial court erred in dismissing the entire complaint upon a finding which would only apply to one of three defendants, and without giving the appellant a chance to conduct discovery or amend her complaint."

## I, II, V, VI, VIII, IX, and X

In these assignments of error, appellant challenges the trial court's dismissal of the case pursuant to R.C. 2743.02.

Appellant's complaint claims appellee was the source of false and inaccurate statements included in articles published by the Lancaster Eagle–Gazette. In appellant's complaint filed August 8, 1996, appellant alleged the following:

"6) That on August 3, 1995, the Lancaster 'Eagle–Gazette' published an article entitled 'Ohio Republicans Propose Curbs On Inmate Lawsuits,' and said article used the Plaintiff as an example. This article was written by defendant Jane Doe, with the information therein provided by defendant Watts, with defendant John Doe then publishing said article.

"7) That said article contained many false and inaccurate statements, in addition to being very misleading, biased, and one-sided in nature."

In appellant's supplement to complaint filed August 28, 1996, appellant further alleged:

"32) That on August 15, 1996, the defendants published another article on the Plaintiff, and this second article did not correct any of the previous factual errors,

but instead, repeated many of them to the public again, including calling the Plaintiff by a name which is not her own legal name, repeatedly refering [*sic*] to the Plaintiff by male pronouns, and still failing to inform the public that not only is the Plaintiff's suit against prison officials still pending, but no court has ever dismissed said suit as 'frivolous.' Thus nearly everything that was wrong with the previous article was also wrong with the later article, and the defendants have engaged in a continuing course of conduct."

By memorandum of decision filed October 7, 1998, the trial court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction. The trial court found that appellee was a state senator and therefore "[p]ursuant to R.C. § 2743.02(F), the court of common pleas is totally without subject matter jurisdiction over actions against 'officers or employees' of the state until the Court of Claims has determined whether the state officers or employees are personally immune under R.C. § 9.86." R.C. 9.86 states:

"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

R.C. 2743.02(F) states:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

R.C. 109.36(A)(1)(a) defines an "officer or employee" as "[a] person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." Upon remand, appellee filed a motion for summary judgment and his affidavit. In his affidavit, appellee states, "I am currently and was throughout 1995, a duly elected Senator of the State of Ohio."

Based upon the clear language of R.C. 2743.02, we find that the trial court did not err in determining it lacked subject matter jurisdiction against appellee. However, we find that the John Doe defendant and the Jane Doe

defendant do not fall under R.C. 2743.02. Therefore, the trial court erred in dismissing the complaint as against them. We note that appellant has not taken any action to perfect service against these named defendants pursuant to Civ.R. 4. Civ.R. 4(E) states:

"If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

The trial court is hereby ordered to reinstate the complaint as to the "Doe" defendants and consider the issue of Civ.R. 4(E).

Assignments of Error I, II, V, VI, VIII, IX, and X are denied. Assignment of Error X is granted.

## III, IV, and VII

■ Appellant claims that the trial court erred in issuing a *sua sponte* decision. We disagree.

Upon remand, the trial court notified the parties that he would rule on any pending motions on September 25, 1998. The trial court provided the parties with the opportunity to file any additional motions. By memorandum of decision filed October 7, 1998, the trial court found that it lacked subject matter jurisdiction and dismissed the case pursuant to Civ.R. 12(H)(3), declaring the pending motions moot.

■ Civ.R. 12(H)(3) states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Lack of subject matter jurisdiction may be raised *sua sponte* by the court at any stage of the proceedings. *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 2 O.O.3d 408, 358 N.E.2d 536. A trial court may dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Bowen v. Britton* (1993), 84 Ohio App.3d 473, 477–478, 616 N.E.2d 1217, 1220, citing *Jenkins v. Eberhart* (1991), 71 Ohio App.3d 351, 355, 594 N.E.2d 29, 31.

As previously noted, appellee's affidavit filed with his motion for summary judgment establishes that he is and was throughout 1995 a state senator. This fact is undisputed on the record. Thus, the trial court lacked jurisdiction

pursuant to R.C. 2743.02(F) as discussed *supra*. The trial court did not err in dismissing the case *sua sponte*.

Assignments of Error III, IV, and VII are denied.

The judgment of the Court of Common Pleas of Fairfield County is hereby affirmed in part, reversed in part, and cause remanded.

> *Judgment affirmed on part,*
> *reversed in part*
> *and cause remanded.*

JOHN W. WISE, P.J., and EDWARDS, J., concur.