OPINION
{¶ 1} Defendant-appellant Christopher D. Raney appeals the Mount Vernon Municipal Court Journal Entries dated April 17, 2002, and May 1, 2002. Those Journal Entries ordered appellant to the Knox County Jail to complete a sentence previously imposed and placed appellant on probation, respectively.
 STATEMENT OF THE FACTS AND CASE {¶ 2} By Judgment Entry filed June 18, 2001, appellant was sentenced on one count of domestic violence, in violation of R.C.2919.25(A), by the Mount Vernon Municipal Court. The Sentencing Entry indicated that appellant had entered a plea of guilty on May 2, 2001, and had been referred to the Probation Department for a pre-sentence investigation. At the sentencing hearing, appellant was sentenced to serve 180 days in the Knox County Jail.
 {¶ 3} The transcript of the criminal docket of the trial court contains an entry dated June 29, 2001, which indicates that appellant was "released from jail/medical emergency." There is no corresponding judgment entry of the trial court concerning appellant's release. The docket further contains a notice that a show cause hearing was scheduled for October 30, 2001, to consider whether appellant was able to serve the remainder of his jail sentence. However, as noted by appellant, the copy of the show cause notice contained in the record was not file stamped by the Clerk of Court.
 {¶ 4} Subsequently, on April 17, 2002, the trial court issued a Journal Entry which ordered appellant to serve the balance of the remaining jail sentence, or 169 days, effective that day. In the Journal Entry, the trial court stated that appellant had previously been released for medical reasons after serving 11 days.
 {¶ 5} Appellant filed a timely notice of appeal from the April 17, 2002, Journal Entry. On May 1, 2002, the trial court issued another Journal Entry. In that Entry, the trial court ordered that appellant be released from the jail and placed on probation. Appellant filed a timely notice of appeal from that entry as well.
 {¶ 6} Upon appellant's motion, the two appeals were consolidated. Upon appeal, appellant raises the following assignments of error:
 {¶ 7} "I. DEFENDANT-APPELLANT WAS SENTENCED TWICE FOR THE SAME OFFENSE.
 {¶ 8} "II. ASSUMING THAT DEFENDANT-APPELLANT WAS RELEASED BY THE KNOX COUNTY SHERIFF PRIOR TO THE EXPIRATION OF HIS SENTENCE, THE COURT ERRED IN IMPOSING THE REMAINDER OF THE SENTENCE.
 {¶ 9} "III. ASSUMING THAT DEFENDANT-APPELLANT WAS RELEASED BY THE KNOX COUNTY SHERIFF PRIOR TO THE EXPIRATION OF HIS SENTENCE FOR MEDICAL TREATMENT, THE COURT ERRED IN IMPOSING THE REMAINDER OF THE SENTENCE WITHOUT A HEARING AND OPPORTUNITY FOR DEFENDANT TO BE HEARD.
 {¶ 10} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 11} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I, II, III {¶ 13} While this Court has concerns regarding the lack of a hearing prior to ordering appellant back to jail and the sufficiency of the record regarding appellant's release and any conditions imposed, we find we cannot reach the merits of this case. As will be discussed below, we find that this Court lacks jurisdiction to consider appellant's appeal.
 {¶ 14} The lack of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings. Pollack v. Watts
(1999), 134 Ohio App.3d 560, 731 N.E.2d 746. In a criminal case, a judgment of conviction is required to confer jurisdiction upon the appellate courts. State v. Breedlove (1988), 46 Ohio App.3d 78, 546, N.E.2d 420; State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, 1998 WL 833595; See State v. Ginocchio (1987), 38 Ohio App.3d 105,526 N.E.2d 1366. A judgment of conviction is defined in Crim.R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. . . .The judge shall sign the judgment and the clerk shall enter it on the journal."
 {¶ 15} In reviewing the record sub judice, we are unable to locate a Judgment Entry meeting the criteria of Crim.R. 32(C). The only document which could arguably be considered the judgment of conviction, is the "Sentencing Entry" filed June 18, 2001. However, that Sentencing Entry indicates that appellant entered a plea of guilty and was referred to the Probation Department for a pre-sentence investigation. However, the Sentencing Entry does not indicate that the trial court accepted the plea and made a finding of guilt. While a guilty plea by itself is a complete admission of the defendant's guilt sufficient to permit a guilty finding, the trial court must except or reject the defendant's plea and enter a finding of guilty, if the plea is accepted. See State v. Turpin
(Dec. 31, 1986), Warren App. No. CA86-02-014, 1986 WL 15291 and State v.Teague (Sept. 28, 2001), Marion App. No. 9-01-25, 2001 WL 1167482. While the trial court may have intended that the Sentencing Entry constitute the judgment of conviction, the entry does not conform with Crim.R. 32(C).
 {¶ 16} In the absence of a valid judgment of conviction, in conformance with Crim.R. 32(C), we are without jurisdiction to entertain appellant's appeal. Accordingly, we sua sponte dismiss the appeal.
By Edwards, J., Gwin, P.J. and Wise, J. concur.
Topic: Sentencing/No Findings Made