OPINION
{¶ 1} Plaintiff-appellant Dewight White appeals from the May 19, 2004, Judgment Entry of the Richland County Court of Common Pleas dismissing his complaint for lack of subject matter jurisdiction.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 6, 2004, appellant filed a complaint against appellee Phyllis Bragg, a corrections officer at the Richland Correctional Institution. Appellant, in his complaint, alleged that, after he told appellee that he wanted to spend the rest of his life with her, appellee charged appellant with an institutional rule violation for attempting to establish a personal relationship with her. Appellant further alleged, in his complaint, that his First Amendment right to free speech was violated and that appellee "destroyed his life by way of slander, defamation of character, . . ." Appellant sought a total of $2.4 million, including punitive damages, for his injuries. Appellee was served with a copy of the summons and complaint on January 14, 2004.
 {¶ 3} On February 11, 2004, appellee filed a Motion to Dismiss appellant's complaint pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction. Appellee, in her motion, specifically argued that the trial court had no jurisdiction over appellant's complaint since an action for money damages against the State and its employees, such as appellee, can only be brought in the Court of Claims.
 {¶ 4} Thereafter, on February 19, 2004, appellant filed a Motion for Default Judgment against appellee, alleging that appellee had failed to respond to appellant's complaint and was, therefore, in default.
 {¶ 5} Pursuant to a Judgment Entry filed on May 19, 2004, the trial court granted appellee's Motion to Dismiss stating, in relevant part, as follows:
 {¶ 6} "In the instant case, Plaintiff Dewight White, an Ohio prisoner, filed a Complaint in this Court against Defendant Phyllis Bragg, a corrections officer employed by the Ohio Department of Rehabilitation and Correction (ODRC) at the Richland Correctional Institution (RiCI). In his Complaint, Plaintiff White alleges that Defendant Bragg is liable for money damages for slander and First Amendment violations. However, at the time this cause of action arose, Defendant Bragg was employed by ODRC at RiCI. ODRC is a State department and RiCI is a State institution and are defined as the State of Ohio. Consequently, Defendant Bragg is a State employee and is entitled to immunity from this action for money damages, pursuant to R.C. Section2743.02(F)."
 {¶ 7} It is from the trial court's May 19, 2004, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred to the prejudice of appellant, when the trial court denied appellant's motion for default judgment, pursuant to civil Rule 55, from the appellee's failure to timely file her asnwer/response to appellant's complaint in a timely manner as required by law.
 {¶ 9} "II. The trial court erred to the prejudice of appellant, when the trial court rendered judgment in favor of the appellee in granting the defendant-appellee's motion to dismiss the complaint filed on february 11, 2004."
 I {¶ 10} Appellant, in his first assignment of error, argues that the trial court erred in denying appellant's Motion for Default Judgment.[1]
Appellant specifically contends that the trial court should have granted such motion since appellee failed to timely answer or otherwise respond to appellant's complaint. We disagree.
 {¶ 11} Civ.R. 12(A)(1) expressly provides that "(t)he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him, . . ." As is stated above, appellant filed his complaint in the case sub judice on January 6, 2004. Appellee was served with a copy of the summons and complaint on January 14, 2004, and, on February 11, 2004, filed the Motion to Dismiss. Pursuant to Civ. R. 12(A)(2), the pendency of such motion delayed the time in which a responsive pleading (i.e., answer) was due until fourteen days after the court's decision on the motion. See Lierenz v. Bowen, Erie App. No. E-990-13, 1991 WL 38039. The trial court, therefore, did not err in denying appellant's Motion for Default Judgment against appellee.
 {¶ 12} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 13} Appellant, in his second assignment of error, contends that the trial court erred in dismissing his complaint for lack of subject matter jurisdiction. We disagree.
 {¶ 14} The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is whether the plaintiff has alleged any cause of action which the court has authority to decide.McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414. This is generally a question of law which we review independently of the trial court's decision. In determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, a court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. Southgate Dev. Corp. v. ColumbiaGas Transm. Corp. (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, paragraph one of the syllabus.
 {¶ 15} R.C. 2743.02 states, in relevant part, as follows: "(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." R.C. 9.86 states as follows: "Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 16} In turn, R.C. Section 109.36 provides, in pertinent part, as follows: "(A)(1) "Officer or employee" means any of the following: "(a) A person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state." Appellee, as a corrections officer employed by the Ohio Department of Rehabilitation and Correction, is a State employee.
 {¶ 17} In Parks v. McDaniel (April 18, 1994), Warren App. No. CA93, 09-079, 1994 WL 135351, an inmate sued a correctional institution case manager, alleging claims for slander and defamation After the appellee moved to dismiss the complaint for lack of subject matter jurisdiction, the trial court granted the same. On appeal, the Twelfth District Court of Appeals affirmed the judgment of the trial court holding that, pursuant to R.C. 2743.02(F), the Court of Claims had "exclusive, original jurisdiction . . . regarding the immunity of state employees and officers in all cases arising under state law." In Pollack v. Watts (1999),134 Ohio App.3d 560, 731 N.E.2d 746, an inmate sued a state senator for defamation, invasion of privacy and infliction of emotional distress based on the senator's involvement in newspaper articles about the inmate. The inmate, in his complaint, alleged the following:
 {¶ 18} "That on August 3, 1995, the Lancaster `Eagle-Gazette' published an article entitled `Ohio Republicans Propose Curbs On Inmate Lawsuits,' and said article used the Plaintiff as an example. This article was written by defendant Jane Doe, with the information therein provided by defendant Watts, with defendant John Doe then publishing said article.
 {¶ 19} "That said article contained many false and inaccurate statements, in addition to being very misleading, biased, and one-sided in nature."
 {¶ 20} In the appellant's supplement to complaint filed August 28, 1996, the appellant further alleged:
 {¶ 21} "That on August 15, 1996, the defendants published another article on the Plaintiff, and this second article did not correct any of the previous factual errors, but instead, repeated many of them to the public again, including calling the Plaintiff by a name which is not her own legal name, repeatedly refering [sic] to the Plaintiff by male pronouns, and still failing to inform the public that not only is the Plaintiff's suit against prison officials still pending, but no court has ever dismissed said suit as `frivolous.' Thus nearly everything that was wrong with the previous article was also wrong with the later article, and the defendants have engaged in a continuing course of conduct."
 {¶ 22} After the trial court dismissed the complaint for lack of jurisdiction, the inmate appealed. This Court affirmed the judgment of the trial court, holding that pursuant to the clear language of R.C.2743.02, the trial court did not err in determining that it lacked subject matter jurisdiction against the senator, who was an officer of the State of Ohio. See also Turner v. Bagley, Richland App. No. 02-CA-11-2, 2002-Ohio-5475, 2002 WL 31259896, in which this Court held that the Court of Common Pleas lacked jurisdiction over a prison inmate's action for money damages against the Warden.
 {¶ 23} Based on the foregoing, we find that the trial court did not err in dismissing appellant's complaint for lack of subject matter jurisdiction.
 {¶ 24} Appellant's second assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] While the trial court did not sign an entry denying appellant's motion, it implicitly denied such motion when it granted appellee's motion to dismiss appellant's complaint.